[Civ. No. 18676.   Second Dist., Div. One.   Mar. 10, 1952.]

LLOYD RILEY, Individually and as a member of INTERNATIONAL UNION OF OPERATING ENGINEERS, etc., Respondent, v. PIG'N WHISTLE CANDY COMPANY, Appellant.

A. J. O'Connor for Appellant.

Parker, Stanbury, Reese & McGee for Respondent.

DRAPEAU, J.—A dispute between plaintiff employee and defendant employer was submitted to arbitration. The employee was awarded $150 for two weeks' wages due to him. The award was confirmed by the superior court, and defendant appeals.

Defendant contends that the arbitrator acted in excess of his jurisdiction and powers, that the award was contrary to the contract of the parties, and was not acknowledged as required for a deed for recordation.

Upon fundamental and familiar principles it is well settled that arbitration is favored as a means of providing a summary and expeditious determination of controversies out of court. ■ When submitted pursuant to a stipulation of the parties in a written contract, every reasonable intendment will be indulged to give effect to such proceedings. (*Snyder* v. *Superior Court*, 24 Cal.App.2d 263 [74 P.2d 782]; *Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628 [204 P.2d 37].) ■ While courts will enforce awards in arbi-

tration if valid, and, for cause, will annul them, the merits of such controversies are not subject to judicial review. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228 [174 P.2d 441].) Following the modern trend favoring arbitration, our Legislature in 1927 amended the substantive rules applicable to this branch of the law. (Code Civ. Proc., §§ 1280-1293.)

A review of the record in this case convinces this court that none of defendant's contentions is sound. By written agreement the controversy was submitted to arbitration. And it was stipulated that the arbitrator's decision would be final and binding. The amount of pay due plaintiff was the precise question submitted for decision. Whatever the merits of defendant's position before the arbitrator may have been, this appeal presents an ill-considered attempt to harass an employee over an award of two weeks' wages.

The order is affirmed.

White, P. J., and Doran, J., concurred.