21 N.J. Super. 237 (1952)
91 A.2d 104
HOWARD STILES, PLAINTIFF-RESPONDENT,
v.
RICHARD HAMMOND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 18, 1952.
Decided September 4, 1952.
*238 Before Judges BIGELOW, LEYDEN and BURTON.
Mr. A. David Epstein argued the cause for the respondent (Messrs. Rose & Epstein, attorneys).
Mr. Henry S. Ross argued the cause for the appellant (Mr. W. Louis Bossle on the brief).
The opinion of the court was delivered by BURTON, J.S.C.
This is an appeal from an order of the Chancery Division of the Superior Court denying the defendant's motion for a stay of proceedings pending arbitration, under the provisions of R.S. 2:40-10 to 26, now N.J.S. 2A:24-1 to 11.
The plaintiff Howard Stiles and the defendant Richard Hammond entered into a written agreement, dated April 30, 1951, wherein plaintiff agreed to sell, and defendant to purchase, all the outstanding and issued stock of James F. Crawford, Inc., and Camden Engineering Service Company, both corporations of this State. The purchase price was $25,000, of which $2,500 was paid at the time of execution of the agreement, $7,500 paid on the closing, and the balance of $15,000 was to be paid in monthly installments of $800, commencing September 15, 1951. Provision was made for the deposit of the stock certificates with Henry S. Ross and Walter H. Holl, who were to retain possession of the same until the consideration had been fully paid; and, in the event of default by defendant in the making of the agreed *239 monthly payments, they were to sell the shares to raise and satisfy the balance due the plaintiff.
The complaint alleges that defendant failed to make the payments due in September, October and November, 1951, and demanded judgment compelling the depositories to sell the stock pursuant to the above-mentioned provision of the contract, for the appointment of a receiver to take possession of the assets of the two corporations, and for the payment by the defendant, Hammond, of the sum of $15,000. Named as co-defendants are the two depositories, Ross and Holl, and also the two corporations, the stock of which is the subject of the sale.
The defendants filed an answer which denied material allegations of the complaint and set up six separate defenses. The first separate defense denied that plaintiff had any present claim against defendants because the contract contained a provision whereby plaintiff agreed that any claim or controversy arising out of said contract or breach thereof shall be settled by arbitration in accordance with the rules of the American Arbitration Association, then obtaining; that plaintiff had been requested to submit his claims and controversies to such arbitration, but he had failed and refused to do so.
The motion of the defendants for stay of the proceedings for such time as would be required for arbitration under the provisions of the contract was denied by the trial court. In doing so, the court relied upon this court's opinion in the case of Rosenthal v. Berman, 14 N.J. Super. 348 (App. Div. 1951). For the reasons recited below, we do not consider ourselves constrained to determine the rectitude of the Chancery Division's conclusion that the Rosenthal decision compelled a denial of the defendant's motion.
An order dismissing a motion for a stay of proceedings is not a final judgment, and, therefore, is not appealable under Rule 4:2-1. In the absence of special permission, obtained in accordance with the procedure outlined in Rule 4:2-2(b), an appeal lies to this Court from an interlocutory order only *240 if such order or determination falls within the taxonomy of Rule 4:2-2(a). This court is without jurisdiction to consider the present appeal if the order involved is other than one of the several types as described. The denial of the stay in these proceedings is not tantamount to the refusal of an injunction within the meaning of Rule 4:2-2(a) (1). Cf. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989, (1935); City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347, (1948); International Refugee Organization v. Republic S.S. Corp., 4 Cir., 189 F.2d 858 (1951); Mueller v. Seaboard Commercial Corp., 5 N.J. 28, 73 A.2d 905 (1950).
Manifestly, the interlocutory order in issue is not embraced within the terminology of the other subdivisions of said Rule.
The appeal is dismissed.