[Civ. No. 15124. First Dist., Div. Two. Dec. 29, 1952.]

PACIFIC FIRE RATING BUREAU, Appellant, v. BOOK-BINDERS' AND BINDERY WOMEN'S UNION NO. 31-125, Respondent.

Long & Levit, Bert W. Levit and David C. Bogert for Appellant.

Charles P. Scully for Respondent.

GOODELL, J.—This is an appeal from an order confirming an award in an arbitration.

Appellant is a rating organization licensed by the Insurance Commissioner, with its offices in San Francisco where it has a plant for compiling its printed materials. Respondent union had contracts with two San Francisco employer organizations, i.e., the Employing Printers' Association and the Printing Trades Conference, dealing with wage scales and arbitration. The bureau is not a member of either organization and did not sign either of these contracts, but from time to

time when in need of hands in its plant it employed the union's members.

The contracts between the union and the two employer organizations provided (§ 9) that "The Employers . . . agree not to arbitrarily operate with a non-union crew any department of their shops now unionized . . ." and (§ 10) that "The Employers will employ in their binding departments none but members of the Union to do any mechanical work that comes under the jurisdiction of said Union."

A controversy arose between the bureau and the union which they agreed to arbitrate.

The bureau's contentions at the arbitration were (1) that it was not, and never had been, a party to the agreements and was not bound by them; (2) that it had not violated the closed-shop provisions, and (3) that in any event such provisions contravened the Taft-Hartley Act and were therefore illegal and not binding on the bureau.

The arbitrator held that notwithstanding the bureau was not a member of either employer organization it was bound by the agreements and that it had violated the closed-shop provisions thereof. He declined to rule upon the third question, that of illegality. Indeed, from the outset he refused to recognize that question as a subject for arbitration, or within the scope of the submission. Early in the hearing he said: "Because I think it is very essential in arbitrations, even before we proceed I should like to see if the parties are in agreement at least as to what issues the arbitrator is to determine. Obviously the parties cannot agree as to the result of the issues; otherwise there would be no arbitration. That is the reason that earlier in this discussion I was looking at the language of the first 'whereas' and was wondering what the term 'including' meant. It would indicate that possibly there were some other differences." It is apparent that the arbitrator had before him that "submission agreement" (quoted later). He then said: "If there is a question of the illegality of the contract being raised, there is a great doubt in my mind that that matter can be settled by arbitration. If you will read a very recent case by our Supreme Court, it was held that the question of the legality or illegality of a contract is a legal point to be determined by the courts and not by arbitration." The case to which he referred is *Loving & Evans* v. *Blick*, 33 Cal.2d 603 [204 P.2d 23].

The bureau's application for an order vacating the award was based on the grounds that the arbitrator was guilty of

misconduct in refusing to hear evidence and argument that the agreement sought to be enforced by the union was illegal in that it contained closed-shop provisions in violation of the Taft-Hartley Act, in refusing to rule thereon, and that he had exceeded his powers in making the award since the agreement was illegal and invalid in that it contained such closed-shop provisions, and that such "provisions were specifically enforced by said award." Appellant did not challenge the arbitrator's holding that the bureau was subject to the contracts and bound by their closed-shop provisions (although not a signatory), or his holding that it had violated such provisions—the issues defined by the submission agreement—but confined its attack to the claimed illegality of those provisions—a matter not mentioned in the submission agreement.

In denying appellant's application the court announced that the award was "confirmed on the following propositions: 1. An agreement to submit the question of 'illegality' does not appear. 2. Whether or not a contract violates the Taft-Hartley Act is not a subject for private litigation but is a matter for the National Labor Relations Board to take up as an unfair labor practice if the Board in its discretion decides to act. (Citations.) The court in confirming the award does not enforce an illegal contract. It affirms the decision that the parties are bound by the contract which, if it produces unfair labor practices can be brought to the attention of the N.L.R.B."

Take the first point: "An agreement to submit the question of 'illegality' does not appear." The "submission agreement" signed by the union and the bureau recites that differences have arisen between the union and the bureau concerning the application of the agreements already mentioned "including the application of Section 9 and Section 10 of the Arbitration Agreement with respect to the employment of individuals performing services in punching, gathering, jogging, counting, stitching, padding and wrapping at their plant in San Francisco." They then agree to ". . . Submit said dispute (to arbitration) and to be bound by the determination of a majority of said arbitrators as determined in an award in writing duly signed by them concerning the subject matter referred to them . . ."

The parties had a further opportunity to define the issues, in another stipulation which was made later. Therein they agreed on one arbitrator instead of three, and made provision

for the consideration of the question of back wages. Nothing was said therein about illegality.

With respect to the scope of the proceeding, the arbitrator in his award said: "So far as this arbitration is concerned, this purported third issue (illegality) does not exist and the Arbitrator so rules, since there was no agreement between the parties to submit that question to this Arbitrator. . . ."

Appellant contends that the question of illegality "had to be decided by the arbitrator in order to fully and finally determine whether appellant should be required to comply with these 'closed-shop' provisions. No separate and specific submission of this question to the arbitrator was necessary. It was implicit in and essential to the determination of those issues which appellant and respondent submitted to arbitration." At the same time, appellant concedes that the National Labor Relations Board has "exclusive jurisdiction to prevent and redress unfair labor practices" but adds that "it does not follow therefrom that two persons cannot agree to abide by the decision of an arbitrator as to whether or not certain provisions in a union contract are in violation of the Taft-Hartley Act."

In neither of the stipulations did the parties "agree to abide by the decision of an arbitrator" on anything beyond the *application* of sections 9 and 10, the claimed violation thereof, and the question of back wages. And the arbitrator himself declined to treat illegality as an included issue.

In the face of these two stipulations defining three issues but omitting illegality, plus appellant's concession that the National Labor Relations Board has exclusive jurisdiction, the argument is not a convincing one that the question of illegality was implicit in the issues which were stated with particularity.

The powers of an arbitrator are limited and circumscribed by the agreement or stipulation of submission (*Bierlein v. Johnson,* 73 Cal.App.2d 728, 733 [166 P.2d 644]). In its brief appellant says: "Here, the parties entered into a separate written submission agreement. It follows, of necessity, that the scope of the arbitration and the powers and duties of the arbitrator must be determined from the terms of such submission agreement." This statement, with which we agree, seems inconsistent with appellant's argument that the question of illegality is necessarily embraced within the questions specifically set out in the stipulations.

■ We agree with the trial court's holding that "An agreement to submit the question of 'illegality' does not appear." For this reason appellant's attack on the award does not come within the provision of subdivision c of section 1288, Code of Civil Procedure, that an arbitrator is guilty of misconduct "in refusing to hear evidence, pertinent and material to the controversy."

Appellant's position is tantamount to the assertion of the claim that the failure to treat illegality as an issue vitiates the award as made. The grievance which precipitated the arbitration was the union's claim that the bureau had violated the closed-shop provisions; on that issue the holding was against the bureau. Next, the bureau claimed that it was not bound by the contracts and on that issue also the holding was against the bureau. Lastly, on the issue of back wages the holding was in favor of the bureau. On neither of the adverse holdings did the bureau move to vacate the award. In other words, the award was confirmed on all the points on which the arbitrator exercised jurisdiction. Appellant frankly concedes that "the National Labor Relations Act gives the National Labor Relations Board exclusive jurisdiction to prevent and redress unfair labor practices." The question, raised by appellant, whether two disputants can "agree to abide by the decision of an arbitrator as to whether or not certain provisions in a union contract are in violation of the Taft-Hartley Act" requires no answer since here (1) there was no such agreement and (2) the arbitrator declined to entertain the question.

The present record does not present a case where an arbitrator arbitrarily refuses to pass upon an issue submitted to him.

There is nothing this court can do but affirm the order which denied appellant's application to vacate the award, thereby leaving appellant to proceedings before the National Labor Relations Board, the tribunal which concededly has exclusive jurisdiction of the question of unfair labor practices.

The order is affirmed.

Nourse, P. J., and D· Aing, J., concurred.