[Civ. No. 19456. Second Dist., Div. Three. July 3, 1953.]

R. E. CORBETT, as Secretary, etc., et al., Respondents, v. PETROLEUM MAINTENANCE COMPANY et al., Appellants.

Swaffield, Madden & McCarry for Appellants.

Livingston, Leeker & Feldman, Lawrence Livingston, Jesse Feldman, and Isabella Grant as Amici Curiae on behalf of Appellants.

Wirin, Rissman & Okrand, A. L. Wirin and Fred Okrand for Respondents.

SHINN, P. J.—In a proceeding instituted on behalf of Oil Workers International Union Local 128 against Petroleum Maintenance Company for an order directing arbitration pursuant to sections 1280 et seq., Code of Civil Procedure, the court directed the company to proceed under the arbitration provisions of its collective bargaining agreement with the union. The company gives notice of appeal, briefs have been filed and the matter stands submitted. The sole ground of the appeal is that the arbitration provisions of the agreement relate solely to the question of performance of the agreement, the alleged violation consisted of the discharge of an employee, the agreement is silent as to any restriction upon the employer's right to discharge and, therefore, the matter of the discharge of the employee is not within the scope of the agreed arbitration procedure.

Although no question has been raised as to the appealability of the order directing arbitration we are of the opinion that we have no jurisdiction of the purported appeal.

Section 1293 of the Code of Civil Procedure allows an appeal from "an order confirming, modifying, correcting or vacating an award, or from a judgment upon an award, as from an order or judgment in an action." In *Jardine-Matheson Co., Ltd.* v. *Pacific O. Co.,* 100 Cal.App. 572 [280 P. 697], an appeal from an order directing arbitration was dismissed for the reason that section 1293 is controlling, and that an order directing arbitration is not among the orders enumerated in the section from which an appeal is allowed. The reasoning of the opinion of the court leaves nothing to be said on the subject. It was held in *Sjoberg* v. *Hastorf,* 33 Cal.2d 116 [199 P.2d 668] that an order staying proceedings in an action and directing arbitration was not a judgment from which an appeal would lie under section 963, Code of Civil Procedure, where the order did not direct the payment of money or the performance of any act by or against the complaining party.

Being without jurisdiction to entertain the purported appeal we must dismiss it upon our own motion. (*Howard* v. *Howard,* 70 Cal.App.2d 731 [161 P.2d 681] ; 4 Cal.Jur.2d p. 337.)

The appeal is dismissed.

Wood (Parker), J., and Vallée, J., concurred.