[L. A. No. 24302.   In Bank.   Mar. 12, 1957.]

E. P. O'MALLEY, as Secretary, LOCAL 128, OIL WORK-
ERS INTERNATIONAL UNION, CIO, Respondent, v.
PETROLEUM MAINTENANCE COMPANY (a Limited
Partnership) et al., Appellants.

Madden & McCarry for Appellants.

Wirin, Rissman & Okrand and Fred Okrand for Respondent.

CARTER, J.—This is an appeal by Petroleum Maintenance Company (hereinafter referred to as "Company") from a judgment of the superior court confirming an arbitration award in favor of Oil Workers International Union, CIO, Local 128 (hereinafter referred to as "Union").

On July 16, 1947, the Company entered into a collective bargaining agreement with the Union. On October 5, 1951, Company discharged one Frank J. Semmett, a member of Local 128. On April 10, 1952, the Union filed a petition for an order directing arbitration of Semmett's discharge. On June 20, 1952, the trial court granted the petition and ordered the matter arbitrated. Company appealed from the order, but the District Court of Appeal dismissed the appeal (*Corbett v. Petroleum Maintenance Co.*, 119 Cal.App.2d 21 [258 P.2d 1077]) on the ground that section 1293 of the Code of Civil Procedure was controlling and that section did not provide for an appeal from an order directing arbitration.

The Union's petition to the superior court was for either arbitration of the grievance of Semmett, or arbitration of the question whether the Semmett discharge was subject to arbitration. The superior court ordered only arbitration of the merits of the discharge.

Union and Company on January 22, 1954, entered into a submission agreement and pursuant thereto three arbitrators were selected. The submission agreement, signed by both Company and Union, provided that the parties agreed to submit to arbitration (1) whether the discharge of Semmett was arbitrable and (2) whether the discharge of Semmett was proper. Paragraph (4) of the submission agreement provides that "In submitting this matter to arbitration neither party shall be deemed to have waived any rights given them by law." Company at all times contended that the discharge of Semmett was not subject to arbitration.

The collective bargaining agreement does not specifically mention the discharge of any employee. The agreement provides for a union shop, deductions from wages for union dues, strikes and lockouts, hours of work, holidays, transportation, contract work as related to subcontracts let by Company, meals, safety, clothing allowance, classification of work, and grievance procedure.* It also provides under the article entitled ''Seniority'' for promotions, layoffs, and rehiring. Vacations, illness, accidents, insurance, overtime, and wages and leaves of absence, assignability of the agreement and notices under it are also provided for.

Article XI, entitled ''GRIEVANCE PROCEDURE'' provides: ''For the purpose of handling disputes arising over the performance of this Agreement, there will be committeemen elected by the Union members for the various departments or crafts. These committeemen will be recognized by the Company in the first step of adjusting such a complaint, which will be with the man involved, his foreman, and the committeemen for such group or any other committeemen.

''If they cannot settle the dispute, then it shall be reduced to writing and a committee of five (5) shall meet with a representative of the Company to try to settle the dispute. The committeemen shall have fifteen (15) days to investigate such complaint after they are aware of their occurrence. The Company shall have seven (7) days to reply to the Committee. If the reply does not meet with the committee's approval, they may ask the Union to discuss the dispute with a representative of the Company and try to reach settlement, if, in the opinion of Union officials, the dispute warrants such meeting. This meeting to be held within fifteen (15) days after Company's reply to committee. If an Agreement cannot be reached the Company and Union shall select a third party to sit with a Company official as a Board of Arbitration with a decision of any two to be binding on the Company and the Union. The expense of such a third party shall be borne equally by the company and the Union.''

Union contends that the discharge of Semmett was arbitrable in that the collective bargaining agreement impliedly provides only for discharge upon a proper showing of cause for such discharge. Company, on the other hand, contends that nothing in the agreement relates to the discharge of any employee. Union also argues that Company by its conduct

*This article will be set forth in full.

in taking the first two steps under the grievance procedure up until the point of arbitration recognized that discharge was a proper subject for arbitration under the collective bargaining agreement and is now estopped to claim that the arbitration procedure does not apply. It is also argued by Union that Company, having submitted the arbitrability of the discharge to the arbitration committee, when the court order did not require such arbitration, has waived its right to object to the arbitrability of the question.

The three arbitrators concurred in holding that the dispute was not arbitrable under the collective bargaining agreement and that they would have declined jurisdiction had it not been for the order of the court requiring arbitration on the merits. A majority of the arbitrators then concluded that Semmett had been improperly discharged and ordered his reinstatement with full seniority rights as of the date of his discharge and "made whole for all wages which he would have earned from July 8, 1952, less any wages received from any other source and any unemployment compansation."

We are of the opinion that Company is bound by the terms of the submission to arbitration agreement. It is the rule that "The powers of an arbitrator are limited and circumscribed by the agreement or stipulation of submission (*Bierlein* v. *Johnson,* 73 Cal.App.2d 728, 733 [166 P.2d 644])." (*Pacific Fire etc. Bureau* v. *Bookbinders' etc. Union,* 115 Cal.App.2d 111, 114 [251 P.2d 694].) (See also *Stenzor* v. *Leon,* 130 Cal.App.2d 729, 732 [279 P.2d 802] ; *Flores* v. *Barman,* 130 Cal.App.2d 282, 286 [279 P.2d 81] ; *Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 186, 187 [260 P.2d 156] ; 30 Cal.Jur.2d, § 133, p. 84.) In the case at bar, although the trial court merely ordered arbitration of the merits of Semmett's discharge, Company agreed, in the submission agreement to the arbitration of the two questions: Whether Semmett's discharge was arbitrable and to the arbitration of the discharge of Semmett. This it was not bound to do since the arbitrability of the question could have been considered after the judgment confirming the arbitrator's award on the merits of the controversy. (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 118, 119 [199 P.2d 668].) With respect to Company's argument that it had specifically provided that it was not to be deemed "to have waived any rights given them by law" it appears that Company may not agree to arbitrate a question and then, if the decision goes against it, litigate the question in another proceeding. In

*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 186, 187 [260 P.2d 156], the court had much the same problem under consideration. It was there held: "The whole spirit of the agreement is that these parties, when the agreement was executed, wanted to settle the many court actions then pending between them, carefully selected a competent and impartial arbitrator, and were then content, so long as the arbitrator acted within the limitations of the arbitration statute, to accept his determination as final, both as to law and facts. Now that such determinations have not turned out as this appellant hoped, he is attempting to secure a complete reconsideration of many legal (and some factual) determinations in this court. Under his agreement and the provisions of the law, except where permitted to do so by statute, this he cannot do." It was then said that "If the arbitrator in fact created causes of action not within the arbitration agreement, and then decided these unsubmitted issues, that would require a vacation of the award as being in excess of the arbitrator's powers within the meaning of section 1288 of the Code of Civil Procedure." As we have heretofore pointed out the arbitrators in the case at bar decided the issues submitted to them by the parties.

██ It is of course well settled that arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision. (*Southside Theatres, Inc.* v. *Moving P. etc. Local*, 131 Cal.App.2d 798, 803 [281 P.2d 31] ; *McKay* v. *Coca Cola Bottling Co.*, 110 Cal.App.2d 672 [243 P.2d 35] ; *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 189 [260 P.2d 156].) ██ In *Southside Theatres, Inc.* v. *Moving P. etc. Local, supra,* pages 802, 803, the court said: "Any controversy under a collective bargaining contract which requires first a determination that the contract does or does not define the rights or duties of the parties in an existing situation is subject to arbitration if the agreement provides for the arbitration of disputes that arise out of the contract.

"The foundational questions are: What was submitted to the arbitrators and what did they decide?" The arbitrators here decided that the controversy was arbitrable and that Semmett's discharge was improper. ██ The merits of the controversy between the parties are not subject to judicial review (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228, 233 [174 P.2d 441] ; *Sapp* v. *Barenfeld*, 34 Cal.2d 515, 523 [212 P.2d 233] ; *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 185 [260 P.2d 156] ; *Myers* v. *Richfield Oil*

*Corp.*, 98 Cal.App.2d 667, 671 [220 P.2d 973]; *Riley* v. *Pig'n Whistle Candy Co.*, 109 Cal.App.2d 650, 651 [241 P.2d 294]).

■ The trial court did not err in refusing to receive in evidence two exhibits offered by Company. These exhibits tended to show that despite the submission agreement, Company did not intend the arbitrability of the question to be decided by the arbitrators. We have heretofore discussed the effect of the submission agreement which defined the scope of the arbitrators' powers and that the award made by the arbitrators was clearly within the issues submitted to them.

The judgment confirming the award is affirmed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

SCHAUER, J., Dissenting.—In my opinion, on any fair view of the record before us, the arbitrators did not decide against the company, but rather refused to decide at all, the question whether the discharge of an employe was an arbitrable matter. As stated in the majority opinion (*ante*, p. 108), the original petition of the union to the superior court "was for either arbitration of the grievance of Semmett, or arbitration of the question whether the Semmett discharge was subject to arbitration. The superior court [on July 8, 1952] ordered only arbitration of the merits of the discharge."

The company throughout these proceedings has consistently taken the position that the question of discharge was not an arbitrable matter under the collective bargaining agreement between the company and the union. The original appeal of the company from the order directing arbitration was dismissed by the District Court of Appeal of its own motion, in *Corbett* v. *Petroleum Maintenance Co.* (1953), 119 Cal.App.2d 21, 22 [258 P.2d 1077], on the ground that the order directing arbitration was not appealable. But as the District Court of Appeal points out, the company's ground of appeal was that "the [collective bargaining] agreement is silent as to any restriction upon the employer's right to discharge and, therefore, the matter of the discharge of the employee is not within the scope of the agreed arbitration procedure."

After dismissal of this former appeal, the company and the union in writing "submit[ted] to arbitration . . . the following dispute:

"(1) . . . Company, the Employer, asserts that the matter of the discharge of an employee is not subject to arbitration. . . . Union, . . . representing the Employee, Frank Sem-

mett, asserts that the matter of the discharge of an employee is subject to arbitration. The Union asserts that its position has been upheld by the Superior Court [by the above mentioned order of July 8, 1952] . . .

" (2) The Company asserts that if the matter of discharge is subject to arbitration, the discharge of Frank Semmett, the employee, was proper. The Union asserts that the discharge was improper . . .

" (4) In submitting this matter to arbitration neither party shall be deemed to have waived any rights given them by law."[1]

The majority of the arbitrators, in their opinion filed after the arbitration hearing, announced that they believed that they were bound by the superior court order of July 8, 1952, based on the "conclusion of law that a question of discharge is arbitrable and is within the grievance procedure of the [collective bargaining] agreement between the parties"; the majority opinion of the arbitrators further set out in detail the reasons why the majority would have determined that the question was not arbitrable had they believed that such question was open.

The opinion of the dissenting arbitrator states, "It is axiomatic that arbitration can be compelled only where parties have agreed to this method of settling disputes, and then only to the extent provided. The discharge in question was therefore not subject to arbitration and, in my view, the decision of the Superior Court to the contrary is erroneous.

"The majority concurs in this conclusion. It, however, holds that the Superior Court judgment is nevertheless binding upon this Board. The majority states that absent such judgment, it would hold the dispute not to be arbitrable. The anomalous position in which this places the majority is well shown by the result in this case. The very factors which

---

[1] A transcript of the proceedings before the arbitrators, lodged with this court, shows that, at the beginning of the hearing before the arbitrators, counsel for the company and also counsel for the union made clear their position that they were submitting to the arbitrators the question whether the right to discharge was arbitrable. Counsel for the company took the position that under the collective bargaining agreement there was no provision for arbitration concerning discharges, and on this ground claimed that the arbitrators had no "jurisdiction." Counsel for the company appears mistaken in his claim that the arbitrators were without "jurisdiction" to determine arbitrability, for that question had been expressly submitted to the arbitrators, but he was correct in his position that the question whether discharge was an arbitrable issue was open.

go into the question of arbitrability are the ones upon which the decision upon the merits must be based. Thus, it is conceded that the collective bargaining agreement only provides for the arbitration of disputes concerning the performance of the agreement and that therefore disputes concerning discharges are not arbitrable. Yet, assuming arbitrability, the Company's action can only be upset if it is in violation of the agreement. But it cannot be in violation of the agreement since there is no limitation upon the right to discharge; if there were the matter would be arbitrable. But the majority says it is not arbitrable, and to be consistent it would have to hold that for the same reasons the Company's action was not in violation of the agreement. However, it has not done so.''

The award of the arbitrators decides that the superior court order of July 8, 1952, ''renders this dispute arbitrable'' and that ''Semmett shall be reinstated.''

When the union moved the superior court to confirm the arbitrator's award, the company, although it did not move to vacate the award, took the position by its answer to the union's application for confirmation that ''the arbitrators were without jurisdiction and had no authority to make the award herein sought to be enforced for the reasons that [the collective bargaining agreement] . . . contains no restrictions or limitations on the defendants' [company's] right to discharge an employee. That the Arbitrators exceeded their powers in making the award . . .''

In my opinion there was presented to the superior court by the foregoing allegations of the company's answer (perhaps ineptly but with sufficient certainty to make necessary a ruling thereon) the following question of law: Have the arbitrators ''exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award, upon the subject matter submitted, was not made''? (Code Civ. Proc., § 1288, par. (d), which requires vacation of an award in the quoted situation.) In my further opinion, the arbitrators did imperfectly execute their powers because they made it clear (by their majority opinion and award) that they thought that because of the superior court order of July 8, 1952, the question of the arbitrability of discharges, although it had been submitted to them, was not properly before them and that they were bound to rule that such question was arbitrable. In fact, the question of arbitrability was before the

arbitrators and their refusal to decide it was an imperfect exercise of their powers and duties.

Here the arbitrators did not, as the majority opinion of this court states, decide the question of arbitrability against the company; rather, upon a reasonable interpretation of the record, they refused to decide that question in the erroneous belief that it was not open. I recognize and accept the rule, quoted in the majority opinion from *Pacific Fire etc. Bureau* v. *Bookbinders' etc. Union* (1952), 115 Cal.App.2d 111, 114 [251 P.2d 694], that ''The powers of an arbitrator are limited and circumscribed by the agreement or stipulation of submission.'' But when the arbitrators refuse to decide a question submitted to them, it seems to me that they are improperly and insufficiently exercising their powers and duties.

The end result of affirmance of the present superior court judgment which confirms the arbitrators' award is that the company, despite all its attempts to keep the matter open, has never had an opportunity either to litigate on appeal or to arbitrate the question determined against it by the original superior court conclusion of law that ''a question of discharge is arbitrable.''

For the reasons above stated, I would reverse the order confirming the award.

Spence, J., and McComb, J., concurred.

Appellants' petition for a rehearing was denied April 10, 1957. Schauer, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.