[Civ. No. 26947. Second Dist., Div. Four. Sept. 6, 1963.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. MARIAN R. BAILES, Defendant and Appellant.

Irmas & Rutter, Sydney A. Irmas, Jr., and William A. Rutter for Defendant and Appellant.

H. T. Ellerby, Henry F. Walker and Russell K. Lambeau for Plaintiff and Respondent.

KINGSLEY, J.—■■ ■■ Defendant was insured by plaintiff under an automobile accident policy containing an uninsured motorist clause. Her contention is that, while riding as a passenger in her own car, she was injured when, without fault of the driver, he was compelled to make a sudden stop in order to avoid a collision with another automobile which had entered the highway without warning. Her claim for recovery having been rejected by plaintiff, she sought arbitration, purportedly pursuant to a provision for arbitration in the insurance policy. Plaintiff resisted arbitration, contending that the uninsured motorist clause was inapplicable because it applied only where there was physical contact between two vehicles and also because defendant had not satisfied a condition precedent of giving prompt notice of the accident to a police agency.

Plaintiff instituted an action for declaratory relief which resulted in a judgment in favor of defendant, the court ruling that the required police notice had been given, and that the provision with reference to physical contact was void as being in conflict with section 11580.2 of the Insurance Code as that section read at the time of the accident. In deciding the declaratory relief action, the judge made formal findings, one of which is here important, to wit:

"III

"On or about April 24, 1960, the defendant, MARIAN R. BAILES, was riding as a passenger in her own automobile, which was then being operated by the defendant William Allen White. Defendant BAILES was sitting in the right front seat of her car. The car was being driven north on U.S. Highway 101 near La Jolla, California. As the car approached an obscure intersection at a speed of between 40 and 50 miles per hour, another car came out of a side street, across the highway immediately in front of defendant BAILES' car. White jammed on his brakes and swerved to the right and by doing so, avoided an actual collision with the other car which would have occured but for the emergency handling of the BAILES' car. There was no physical contact between the two cars but the defendant BAILES was thrown into the dashboard and sustained personal injuries."

The pertinent provision of the judgment entered on such finding reads as follows:

"(7) The arbitration for the determination of whether defendant insured shall be legally entitled to recover damages in connection with *said accident* and if so, the amount there-

of, may now proceed, and in the event that the arbitrator in the arbitration proceedings now pending determines that defendant insured is entitled to recover any damages from the owner or operator of the other automobile, the amount thereof shall not exceed the maximum of Ten Thousand Dollars ($10,000.00).'' (Italics added.)

The arbitration then proceeded. At the arbitration hearing, defendant introduced a certified copy of the findings of fact, conclusions of law and judgment in the declaratory relief action. She then moved ''. . . that all evidence pertaining to the facts found to be true by the Superior Court in the aforesaid action be excluded and that the Arbitrator adopt said findings of fact by virtue of the doctrine of res judicata.'' The motion was denied; and the arbitrator ultimately made findings as follows:

''2. That on or about April 24, 1960, the claimant Marian R. Bailes, was riding as a passenger in her own automobile, which was insured by the respondent Automobile Club, and which was then being operated by one William Allen White. Claimant Bailes was sitting in the right front seat of her car. The car was being driven North on U.S. Highway 101 near Torrey Pines, California. For reasons unknown, William Allen White jammed on the brakes of said car and caused the claimant Bailes to be thrown into the dashboard, thus sustaining personal injuries.

''3. That the claimant, Marian R. Bailes, is not legally entitled to recover damages from the owner or operator of an uninsured automobile as defined in the insurance policy written by the Interinsurance Exchange of the Automobile Club of Southern California, because of bodily injury sustained by said Marian R. Bailes in the accident occurring on April 24, 1960.

''4. That the claimant, Marian R. Bailes, has failed to establish as a fact the existence of any other automobile or driver which caused or contributed to the sudden stop by the operator of the Bailes automobile.''

An award in favor of plaintiff followed.

Motions to vacate and to confirm the award were made by the respective parties, resulting in a judgment affirming the award. Defendant appeals from the judgment of confirmation.[1]

---

[1]The appeal is from the judgment of confirmation only. Such a judgment is appealable (Code Civ. Proc., §§ 1287.4 and 1294). While the judgment of confirmation refers, in its recitals, to the motion to vacate, no formal disposition of that motion was therein made, although a

Defendant contends that the above quoted finding of the court in the declaratory relief action was res judicata and that the arbitrator "exceeded his powers," within the meaning of section 1286.2 of the Code of Civil Procedure, in refusing to treat it as such. Plaintiff contends: (1) that the finding was not res judicata, as being outside the issues of the declaratory relief action; and (2) that, in any event, the ruling of the arbitrator on the legal effect of the findings was within his powers and conclusive on the courts.

I

We conclude that the finding of fact above quoted was res judicata of the facts therein stated. Whether or not the court in the declaratory relief action passed on issues which were properly matters for the arbitrator,[2] it is clear from the record that both parties had voluntarily litigated the matters covered in the findings and that such findings were based on evidence produced before that court. The record discloses no objections either to form or to content of the findings as entered. ■ It is, of course, well settled that a person may waive his right to arbitrate an issue. *(Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amalgamated Clothing Workers* (1961) 192 Cal.App.2d 268 [13 Cal.Rptr. 446].) ■ If a petition for declaratory relief seeks to litigate matters within the jurisdiction of an arbitrator, the remedy is to move to dismiss the proceeding under section 1061 of the Code of Civil Procedure.

II

■ However, we agree with the conclusion of the trial court in the confirmation proceedings that the decision of the arbitrator, whether or not correct, cannot be assailed in this proceeding. The agreement in the policy to submit disputes to arbitration was a "general" one. Under these circumstances, it is now the settled law of California that, except for the matters expressly provided for in section 1286.2 of the Code of Civil Procedure, a decision of an arbitrator is binding, whether or not correct either in law or in fact. The

minute order therefore made had denied the motion. Both parties treat the case as though the denial of the motion to vacate were also before us. In view of our ultimate disposition of the case, the point need not be decided; however, cf. § 1294.2.

[2]It should be noted that the declaratory relief proceeding was heard and judgment was entered therein prior to the decision of the Supreme Court in *Posner* v. *Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169 [14 Cal. Rptr. 297, 363 P.2d 313], and prior to the effective date of the 1961 revision of the arbitration statute.

issue of the conclusiveness of an arbitrator's award against a claimed error of law was discussed in *Crofoot* v. *Blair Holdings Corp.* (1953) 119 Cal.App.2d 156, 185-186 [260 P.2d 156], in the following manner:

"Certainly it is settled that the courts have no power to review the sufficiency of the evidence. (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.,* 29 Cal.2d 228 [174 P.2d 441]; 5 Cal. Jur.2d § 52, p. 120.) The law is not quite so clear as to a court's powers of review over questions of law. The earlier cases held that the court had the power to review errors of law, at least where they appeared upon the face of the award. (*In re Frick,* 130 Cal.App. 290 [19 P.2d 836]; *Utah Constr. Co.* v. *Western Pac. Ry. Co.,* 174 Cal. 156 [162 P. 631].) The later cases have gone much farther in granting finality to the award even as to questions of law. In *Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.,* 29 Cal.2d 228, 233 [174 P.2d 441], it was bluntly held that 'The merits of the controversy between the parties are not subject to judicial review.' In *Sapp* v. *Barenfeld,* 34 Cal.2d 515, 523 [212 P.2d 233], the court held: 'Even though a party expressly asserts a lawful claim in the submission or raises it by the presentation of evidence to the arbitrators, the law does not guarantee that the claim will be allowed. Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in judicial action.' (See also, *Riley* v. *Pig'n Whistle Candy Co.,* 109 Cal.App.2d 650 [241 P.2d 294]; *Mc-Kay* v. *Coca-Cola Bottling Co.,* 110 Cal.App.2d 672 [243 P.2d 35]; *Glesby* v. *Balfour, Guthrie & Co., Ltd.,* 63 Cal.App.2d 414 [147 P.2d 60]; *Jardine-Matheson Co.,* v. *Pacific O. Co.,* 100 Cal.App. 572 [280 P. 697]; Kagel, *California Arbitration Statute,* 38 Cal.L.Rev. 799, 825 et seq.; Fraenkel, *The New York Arbitration Law,* 32 Colum.L.Rev. 623, 638.) In *United States* v. *Moorman,* 338 U.S. 457 [70 S. Ct. 288, 94 L.Ed. 256], the United States Supreme Court, in upholding as final the arbitrator's determination, held that, whether the problem raised was one of law or of fact, the courts should not fritter away the arbitrator's powers under the guise of interpretation.

"Under these cases it must be held that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute."

To the same effect, see: *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amalgamated Clothing Workers* (1959) 52 Cal. 2d 568, 589 [343 P.2d 23]; *O'Malley* v. *Petroleum Mainteance Co.* (1957) 48 Cal.2d 107, 111-112 [308 P.2d 9]; *Lauria* v. *Soriano* (1960) 180 Cal.App.2d 163, 167-168 [4 Cal.Rptr. 328]; *Los Angeles Local etc. Board* v. *Stan's Drive-Ins, Inc.* (1955) 136 Cal.App.2d 89, 93 [288 P.2d 286].

It is for the tribunal in which a claim of res judicata is made to pass on the validity of such a contention, including a determination of the effect of the prior judgment. *(Baird* v. *Superior Court* (1928) 204 Cal. 408, 412 [268 P. 640]; *United Security etc. Co.* v. *Superior Court* (1928) 205 Cal. 167, 173 [270 P. 184]; *City of Pasadena* v. *Superior Court* (1928) 92 Cal.App.523 [268 P. 644].) ▇ It follows that, though erroneous, the arbitrator's determination that the findings of fact in the declaratory relief action were not res judicata, was within, and not in excess of, his powers.

Defendant urges that, under the rule laid down in *Black* v. *Cutter Laboratories* (1955) 43 Cal.2d 788 [272 P.2d 905], the doctrine of the conclusiveness of an arbitral decision is inapplicable where the decision flies in the face of the public policy of the state. But in the *Cutter* case, the award which was vacated had the effect of imposing on the employer a contract which was void under the public policy both of this state and of the federal government. A similar situation existed in the cases of *Loving & Evans* v. *Blick* (1949) 33 Cal.2d 603 [204 P.2d 23], and *Franklin* v. *Nat. C. Goldstone Agency* (1949) 33 Cal.2d 628 [204 P.2d 37], relied on in the *Cutter* case. While, in one sense, all rules of adjective and substantive law set forth the "public policy" of the state, there is a vast difference between the enforcement of a void contract and the mere misunderstanding or misapplication of rules of law involved in the application to a particular dispute of a contract not only valid but, as in the case of the "uninsured motorist" clause herein involved, imposed by express statute. The general rule, and not the special exception involved in the cases just cited, is applicable here.

### III

Further, the arbitration award rested not only on the finding that there was no proof of the existence of another car, but on a second ground. ▇ In order to prevail in the arbitration, it was obligatory on defendant to prove not only an accident involving an "uninsured motorist" but also that such motorist was liable to her under the familiar rules of negligence and

contributory negligence, with all their traditional ramifications. In paragraph 3 of the award, the arbitrator found that defendant ''is not legally entitled to recover damanges from the owner or operator of an uninsured automobile.'' Neither the trial court, nor this court, has been furnished with a transcript of the arbitration hearing. We do not know what evidence, in addition to the findings and judgment in the declaratory relief action, was offered and received, nor what specific issues were litigated before the arbitrator. ▮ An arbitrator is not required to report the proceedings before him, nor to spell out the rationale of his decision. *(Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.* (1946) 29 Cal.2d 228, 232 [174 P.2d 441].) ▮ It follows that the finding contained in paragraph 3 of the award is tantamount to a finding that, even if there were ''another'' automobile, either the driver of that car was not negligent, or the driver of defendant's car was contributorily negligent and such contributory negligence was attributable to defendant, or defendant herself was guilty of contributory negligence. Quite properly, none of these issues were dealt with in the findings in the declaratory relief proceedings and, as to them, no claim of res judicata could be made.

There being no showing that the arbitrator exceeded his powers, the arbitration award was properly confirmed.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.