WOLFGANG G. PFAELTZER *v.* WILLIAM B. PAT-
TERSON, LOUIS S. ROCKETT, MARION L.
HANLON, MAMORU TOFUKUJI, WILLIAM E.
IACONETTI, EDWARD T. SHIMOKAWA, AND
SEIYA OHATA.

No. 4512.

FEBRUARY 1, 1966.

CASSIDY, ACTING C.J., WIRTZ, LEWIS AND MIZUHA, JJ.,
AND CIRCUIT JUDGE HAWKINS ASSIGNED BY
REASON OF VACANCY.

*Per Curiam.* Plaintiff-appellant alleged in his amended
complaint that defendants-appellees breached, by the
wrongful expulsion of plaintiff as a partner, a written
partnership agreement made between plaintiff and de-
fendants under which they carried on the practice of
medicine. Plaintiff demanded judgment against defend-
ants, individually, for the sum of $7500 for the wrongful
breach of the partnership agreement; and prayed that the
partnership be dissolved, that an accounting be made
under the supervision of the court, and that the assets
be sold and the surplus remaining be divided among the
plaintiff and defendants in accordance with their respec-
tive interests.

After answering the amended complaint, defendants
moved for an order to stay further proceedings pending
resort to arbitration. After hearing, the court granted
defendants' motion for stay until an "arbitration has been

had in accordance with the terms" of the written partnership agreement.

Plaintiff appeals from this order. Defendants contend that the order is not an appealable one. We agree.

An order granting a motion for a stay of proceedings pending arbitration under section 188-5, Revised Laws of Hawaii 1955, is not a final order. The order being interlocutory, an appeal therefrom can be had only upon the allowance of the circuit judge as set forth in H.R.C.P., Rule 73(a); R.L.H. 1955, § 208-3; *Honolulu Athletic Park, Ltd.* v. *Lowry,* 22 Haw. 733. No such interlocutory appeal was sought or allowed by the circuit judge.

Section 188-3[1] provides for an order compelling arbitration, and section 188-5[2] provides for a stay of suit pending arbitration.

Under similar statutes other courts have held that an order granting or denying a stay of proceeding in an action pending arbitration is not a final appealable order. *Sjoberg* v. *Hastorf,* 33 Cal. 2d 116, 199 P.2d 668; *Stiles* v. *Hammond,* 21 N.J. Super. 237, 91 A.2d 104; *Board of Education* v. *Nolte-Tillar Bros. Const. Co.,* 79 Ohio App.

---

[1] "§ *188-3. Compelling compliance with agreement; jury trial when.* A party aggrieved by the failure, neglect or refusal of another to perform under an agreement in writing providing for arbitration, may apply to the circuit court for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' notice in writing of the application shall be served upon the party in default. Service thereof shall be made in the manner provided by law for service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement or the failure to comply therewith is not in issue, the court hearing the application shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the agreement or the default be in issue, the court, or the judge thereof, shall proceed summarily to the trial thereof."

[2] "§ *188-5. No trial if issue referable to arbitration.* If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement in writing, shall stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with the arbitration."

193, 71 N.E.2d 311. See *Baltimore Contractors, Inc.* v. *Bodinger,* 348 U.S. 176; *Schoenamsgruber* v. *Hamburg American Line,* 294 U.S. 454; *Shanferoke Coal Corp.* v. *Westchester Service Corp.,* 293 U.S. 449; *Alexander* v. *Pacific Maritime Ass'n,* 332 F.2d 266 (9th Cir. 1964), *cert. denied,* 379 U.S. 882.

Appellant relies upon *Hosiery Mfrs'. Corp.* v. *Goldston,* 238 N.Y. 22, 143 N.E. 779; *Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N.Y. 284, 169 N.E. 386; *President Self Service, Inc.* v. *Affiliated Restaurateurs, Inc.,* 280 N.Y. 354, 21 N.E. 2d 188; *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 95 A.2d 381;[3] and *Machine Products Co.* v. *Prairie Local Lodge No. 1538, Int'l Ass'n of Machinist, AFL-CIO,* 230 Miss. 809, 94 So. 2d 344. Except for the first cited case, they pertain to and involve the appealability of orders under a statute similar to section 188-3, where, no suit on the issue in dispute having been filed, a party applied to a court in a special proceeding for an order directing that the arbitration proceed in the manner provided for in the agreement. The appealability of such an order is not here before this court. *Hosiery Mfrs'. Corp.* v. *Goldston, supra,* was a case of a stay on application of a defendant, in a suit brought in disregard of the arbitration agreement. The court deemed an order to proceed to arbitration the end of a special proceeding and appealable as such, however made. This holding was based on statutory provisions different from ours.

Appeal dismissed.

*Thomas S. Ogata* (*Ogata & Ueoka* of counsel) for defendants-appellees.

*William F. Crockett* (*Crockett & Langa* of counsel) for plaintiff-appellant.

---

[3] *Contra, Jardine-Matheson & Co.* v. *Pacific Orient Co.,* 100 Cal. App. 572, 280 Pac. 697; *Corbett* v. *Petroleum Maintenance Co.,* 119 Cal. App. 2d 21, 258 P.2d 1077.