MEDI–SOFT, INC., a New York corporation, Plaintiff–Appellant,

v.

ROYCO, INC., a Florida corporation; ESRD Special Laboratories, Inc ., a Florida corporation, Defendant–Appellee.

No. 99–17039.

D.C. No. CV–99—02673–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and submitted March 14, 2001.

Decided June 15, 2001.

Before SNEED, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Medi–Soft, Inc. ("Medi–Soft") licensed its medical software to Royco, d/b/a ESRD ("ESRD") for use in ESRD's laboratory analysis, pursuant to a series of agreements that provided for final and binding arbitration of all contract-related disputes. When several disputes arose, Medi–Soft and ESRD submitted them to a three-judge arbitration panel, which found that both parties had breached their contractual obligations, that neither was a prevailing party, and that Medi–Soft was to pay ESRD net damages of approximately $45,000. Medi–Soft appealed the arbitrators' award to the district court, which confirmed the ruling and granted post-arbitration attorney fees to ESRD. Medi–Soft now challenges the district court's denial of its petition to vacate or correct the arbitrators' award. Medi–Soft also challenges the district court's award of post-arbitration fees. We AFFIRM.

Discussion

A. Rule of arbitral finality

The parties in this case submitted their dispute to an arbitrator pursuant to their written agreements. In cases involving private arbitration, "[t]he powers of an arbitrator are limited by the agreement or stipulation of submission." *Moncharsh v. Heily & Blase*, 3 Cal.4th 1, 8, 10 Cal. Rptr.2d 183, 832 P.2d 899 (1992) (citation omitted). The terms of the agreements

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

between Medi–Soft and ESRD provide for application of California law to this dispute.[1]

By enacting Title 9 of the California Code of Civil Procedure, § 1280 et seq., the legislature indicated its preference for arbitration as a quick and relatively inexpensive means of dispute resolution. *See Ericksen v. 100 Oak St.*, 35 Cal.3d 312, 322, 197 Cal.Rptr. 581, 673 P.2d 251 (1983). Consequently, courts will "indulge every intendment to give effect to such proceedings." *Moncharsh*, 3 Cal.4th at 8, 10 Cal. Rptr.2d 183, 832 P.2d 899. The arbitration clause included in the agreements in this case specifically states that the arbitrator's decision would be both binding and final. When they agreed to final and binding arbitration, Medi–Soft and ESRD anticipated that the arbitrators' decision would be the end, not the beginning, of the dispute. Because the decision to arbitrate disputes demonstrates Medi–Soft's and ESRD's intent to bypass the judicial system in order to avoid potential delays at the trial and appellate levels, arbitral finality is a core component of their agreement to submit to arbitration. *See id.*

B. The arbitrators did not exceed their power.

■ A statutory exception to the rule generally precluding judicial review of arbitration awards does exist. California Code of Civil Procedure § 1286.2(d) provides for vacation of an arbitration award when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." Medisoft asserts that this exception applies to its case. Specifically, Medi-soft contends that the arbitrators' award strayed beyond

the scope of the parties' agreements. We disagree.

■ Section 1286.2 is construed narrowly by the courts. The dissatisfied party in arbitration may not compel review simply by arguing that arbitrators "exceeded their powers." *Moncharsh*, 3 Cal.4th at 14, 10 Cal.Rptr.2d 183, 832 P.2d 899. An arbitrator does not exceed his power merely because he assigns an erroneous reason for his decision. *See O'Malley v. Petroleum Maintenance Co.*, 48 Cal.2d 107, 111, 308 P.2d 9 (1957). Rather, an arbitrator exceeds his powers only where he exceeds the express limitations of his contractual mandate. *Bruce Hardwood Floors v. UBC, Southern Council of Indus. Workers*, 103 F.3d 449, 452 (5th Cir.1997). Medi–Soft fails to show that the arbitrators' findings and interpretations strayed beyond the scope of the parties' agreements.

■ Medi–Soft first argues that the arbitrators exceeded their authority by terminating certain provisions of the various agreements. This argument is without merit. The remedy ordered in an arbitration does not need to be specifically provided for in the agreements, as long as the remedy is intended to provide an appropriate remedy to resolve all the disputes between the parties. *Advanced Micro Devices v. Intel*, 9 Cal.4th 362, 381, 36 Cal. Rptr.2d 581, 885 P.2d 994 (1994). The arbitrators reached their decision to terminate certain provisions of the agreements after a five-day evidentiary hearing, during which they determined that the parties' contractual obligations had been brought to an end by Medi–Soft when Medi–Soft terminated the agreements. Accordingly, the arbitrators removed some of the sur-

---

1. [T]he grounds for vacating an arbitration award are essentially the same under California and federal law. *Cypress Equip. Fund,* *Ltd. v. Royal Equip., Inc.*, 1997 WL 106137 (N.D.Cal. Jan.13, 1997) at *1 n. 1.

vival provisions from the various agreements so that they could fully resolve all the disputes between the parties in the arbitration. The arbitrators did not terminate all of the provisions of the agreements. Rather, they left in force those provisions that they determined were necessary and appropriate. Their decision to do so accorded with the holding in *Intel*, which stated that "[t]he award is rationally related to the breach if it is aimed at compensating for, or alleviating the effects of, the breach." *Intel*, 9 Cal.4th 362 at 381 n. 12, 36 Cal.Rptr.2d 581, 885 P.2d 994.

■ Medi–Soft also contends that the arbitrators' decision regarding copies of their software was in violation of the agreements and therefore outside the arbitrators' authority. However, the arbitrators' decision regarding software fees reflected their best interpretation of the agreements and the evidence presented by both sides. Even an erroneous interpretation would not mean the arbitrators overstepped their authority. *See O'Malley*, 48 Cal.2d at 111, 308 P.2d 9.

C. Attorney fees award

■ We review an award of attorney fees for an abuse of discretion. *O'Hara v. Teamsters Union Local # 856*, 151 F.3d 1152 (9th Cir.1998); *see Drucker v. O'Brien's Moving & Storage Inc.*, 963 F.2d 1171, 1173 (9th Cir.1992). Medi–Soft fails to show that the district court committed a clear error of legal judgment by awarding ESRD post-arbitration attorney fees.

The arbitration clause in the agreements provides that "all attorneys' fees and costs of the prevailing party, including without limitation all arbitration fees and costs, shall be awarded to the prevailing party." The district court interpreted this clause to mandate an award of attorney fees for the prevailing party in any action related to the agreements between Medi–Soft and ESRD. Although fees were not granted as part of the arbitrators' award, this was because each party breached obligations to the other and no party was found to have prevailed. However, there must be a prevailing party in post-arbitration litigation conducted to enforce the arbitrators' award. Because Medi–Soft's petition to vacate the award was dismissed by the district court and ESRD's petition to confirm the award was granted, the district court correctly determined that ESRD was entitled to recover its post-arbitration attorney fees from Medi–Soft.

Conclusion

Medi–Soft has failed to show that the arbitrators' award was completely irrational or issued in complete disregard of the law. Thus, the district court properly declined to reconsider the arbitrators' findings of fact and conclusions of law and confirmed the award. By appealing the district court's decision, Medi–Soft continues to prolong a dispute that it contracted to resolve in binding arbitration. Yet Medi–Soft remains unable to demonstrate that the arbitrators reached a result outside their powers. Nor has Medi–Soft argued persuasively that the district court abused its discretion by awarding post-arbitration attorney fees to ESRD.

We AFFIRM the district court's judgment in all respects.