[Civ. No. 21765.    First Dist., Div. One.    July 9, 1964.]

SALVADORE LOSCALZO et al., Plaintiffs and Appellants, v. FEDERAL MUTUAL INSURANCE CO., Defendant and Respondent.

Rea, Frasse, Anastasi, Clark & Lewis and Alan A. Rubnitz for Plaintiffs and Appellants.

Woodrow W. Kitchel and D. W. Brobst for Defendant and Respondent.

SULLIVAN, J.—This is an appeal from an order denying a petition to compel arbitration.[1]

The petition of Salvadore Loscalzo and Bertha Loscalzo, filed in the court below, alleges in substance as follows:[2] That petitioners entered into a contract of insurance with respondent Federal Mutual Insurance Co. which provided for uninsured motorists' coverage; that said contract contained a provision to settle by arbitration any controversy relating to liability or damages arising under the uninsured motorists' coverage; that a controversy had arisen, but respondent maintained that there was no arbitrable controversy; that petitioners requested that arbitration proceed but that the

---

[1]Section 1294 of the Code of Civil Procedure provides in part: "An aggrieved party may appeal from: (a) An order dismissing or denying a petition to compel arbitration. . . . " Section 1290 provides in part: "A proceeding under this title in the courts of this State is commenced by filing a petition. . . ." Here the document filed by plaintiffs is labeled "Motion for Order" rather than "Petition for Order." The "motion" will be hereafter referred to as "petition" to conform to the statutory terminology.

[2]The statements of the petition are made under penalty of perjury. (Code Civ. Proc., § 2015.5.)

appointed arbitrator in the American Arbitration Association refused to do so without a court order compelling arbitration.

The petition further alleges that the controversy arose as follows: On December 10, 1960, while driving and riding in their automobile, petitioners were involved in an accident and suffered injuries "due to the actions of an automobile driven by George Matsunaga, and of an automobile owned by Connie Guardiola, driven by Miguel Guardiola." Since none of the last three persons were covered by automobile insurance, petitioners sought recovery under the uninsured motorists' clause of their own policy.

Under the above-mentioned clause, which is attached to the petition, respondent agrees "[t]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

The attachment also contains the following provisions under the heading of "arbitration": "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

Petitioners sought an order of the court below "directing that such arbitration proceed in the manner provided for in said written insurance contract."

Respondent thereupon filed a memorandum in opposition to the petition, signed by its counsel, stating *inter alia* the following: "This matter" was before the arbitrator on January 16, 1963, and "at that time was put off calendar, because by jury verdict in the case of *Cunningham* v. *Loscalzo et al*, petitioner Loscalzo was found negligent, and a verdict was returned in favor of the plaintiff Cunningham." The latter suit involved the same accident which was the basis of petitioners' claim for arbitration. The judgment on the verdict in the *Cunningham* case was final and therefore a bar to any claim of right to arbitration, since that action determined that responsibility for the accident rested with Loscalzo and therefore did not permit relitigation of that issue in court or arbitration. Furthermore, "counsel for Loscalzo agreed at the arbitration hearing when the matter was continued, that if the Cunningham judgment became final it would be a bar to any further arbitration."

In support of such memorandum respondent filed the affidavit of its counsel D. W. Brobst. Said affidavit states that he attended the arbitration hearing in the matter involving petitioners and respondent in San Jose on January 16, 1963, before the arbitrator; that he moved that the matter be continued because any award in favor of Loscalzo would be void if the judgment theretofore rendered in the *Cunningham* case adverse to Loscalzo became final; that counsel for Loscalzo agreed that if the judgment in the *Cunningham* case became final it would defeat the Loscalzo claim; and that thereupon the hearing was continued.

Petitioners filed no counteraffidavit but filed a memorandum in support of the petition.[3] This memorandum states the following: That in the so-called *Cunningham* case, Cunningham brought an action against Loscalzo, Matsunaga and Guardiola and obtained a judgment against all three. Matsunaga and Guardiola were not insured. The resulting judgment however, so the memorandum urges, does not prevent the matter from going to arbitration since the doctrines of res judicata or collateral estoppel are inapplicable to such proceedings which are contractual rather than judicial. Furthermore, even if the doctrines were applicable in arbitration proceedings, they would not be operative here since the parties

[3]The record shows: The petition was noticed for hearing on October 4, 1963. Respondent's memorandum in opposition was filed on October 1, 1963, and petitioners' memorandum in support on October 2, 1963. The petition was denied on October 10, 1963.

involved were not adversaries in the *Cunningham* case but only codefendants.

The positions of the parties in this court may be summarized as follows: Petitioners contend (1) that in the light of the provisions of Code of Civil Procedure section 1281.2 they are clearly entitled to an order directing the arbitration to proceed; (2) that the judgment in the *Cunningham* case is not res judicata of petitioners' right to seek relief against the two uninsured motorists above mentioned and even if it were as to petitioner Salvadore Loscalzo, it would not be as to petitioner Bertha Loscalzo who was a guest in the automobile; and (3) that the doctrine of res judicata does not preclude the continuance of the arbitration proceedings since its applicability is to be determined by the arbitrator. Respondent on the other hand contends (1) that there was a waiver of the arbitration proceedings when the judgment in the *Cunningham* case became final; and (2) such judgment is res judicata of petitioners' negligence.

Section 1281.2 of the Code of Civil Procedure provides in relevant part: ''On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

'' (a) The right to compel arbitration has been waived by the petitioner; or

'' (b) Grounds exist for the revocation of the agreement.

''If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit.''

█ The petition filed in the instant case alleges, as pointed out above, (a) the existence of a written agreement to arbitrate a controversy, (b) the controversy, and (c) at least the implied refusal of respondent to arbitrate such controversy by maintaining that no arbitrable controversy exists. It is not clear whether respondent's memorandum in opposition was intended to be a response as permitted by Code of Civil Procedure section 1290.[4] Assuming it may be so considered,

---

[4]Code of Civil Procedure, section 1290 provides: ''A proceeding under this title in the courts of this State is commenced by filing a petition. Any person named as a respondent in a petition may file a

nevertheless it is notable that nowhere does it, or for that matter its supporting affidavit, contain any denial of the allegations of the petition outlined above. It is clear therefore that the petition contained all the allegations required by the statute. (Cf. *Weiman* v. *Superior Court* (1959) 51 Cal.2d 710, 712-713 [336 P.2d 489]; *Myers* v. *Richfield Oil Corp.* (1950) 98 Cal.App.2d 667, 670 [220 P.2d 973], both decided under the former statute.) Manifestly on this state of the record the trial court was required to order the parties to arbitrate unless it determined that petitioners had waived their right to compel arbitration or that grounds existed for the revocation of the agreement. (See § 1281.2, *supra.*)

The record before us does not disclose the basis of the court's order denying the petition.[5] Nor does it disclose that any contention was made urging the existence of grounds for the revocation of the agreement. It must be assumed then that the court based its order denying the petition on the ground that petitioners waived the right to compel arbitration. Indeed respondent devotes most of its brief on this appeal to urging waiver.

Waiver is the intentional relinquishment of a known right after knowledge of the facts. (*Alden* v. *Mayfield* (1912) 164 Cal. 6, 11 [127 P. 45]; *Roesch* v. *De Mota* (1944) 24 Cal.2d 563, 572 [150 P.2d 422].) It therefore rests upon intent. (*Roesch* v. *De Mota, supra.*) A party to an agreement providing for arbitration may waive his right to arbitrate. (*Trubowitch* v. *Riverbank Canning Co.* (1947) 30 Cal. 2d 335, 339 [182 P.2d 182]; *Case* v. *Kadota Fig Assn.* (1950) 35 Cal.2d 596, 606 [220 P.2d 912]; *Tas-T-Nut Co.* v. *Continental Nut Co.* (1954) 125 Cal.App.2d 351, 354-355 [270 P.2d 43]; *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amalgamated Clothing Workers* (1961) 192 Cal.App.2d 268, 277 [13 Cal.Rptr. 446].) Whether or not there has been a waiver is ordinarily a question of fact. (*Local 659, I.A.T.S.E.* v. *Color Corp. of America* (1956) 47 Cal.2d 189,

---

response thereto. The allegations of a petition are deemed to be admitted by a respondent duly served therewith unless a response is duly served and filed. The allegations of a response are deemed controverted or avoided.''

If we assume no response was filed, then of course respondent admitted all of the allegations of the petition.

[5] The order states: ''The motion of Salvador Loscalzo and Bertha Loscalzo for an order directing arbitration to proceed is hereby denied.''

196 [302 P.2d 294]; *Tas-T-Nut Co.* v. *Continental Nut Co., supra; Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amalgamated Clothing Workers, supra; Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213, 219 [30 Cal.Rptr. 719].)

So far as the record before us shows, the sole evidence before the court below was the verified petition and the affidavit of Mr. Brobst filed by respondent.[6] ■ It appears that the matter was determined on affidavits. Upon such a trial of an issue, if there is a substantial conflict in the facts stated, a determination by the trial court of the controverted facts may not be disturbed on appeal. (*Griffith Co.* v. *San Diego College for Women* (1955) 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R.2d 1349]; *Beckett* v. *Kaynar Mfg. Co., Inc.* (1958) 49 Cal.2d 695, 699 [321 P.2d 749].) In such instances we are bound by the same rule which governs our review of oral testimony. (See *Lundblade* v. *Phoenix* (1963) 213 Cal.App. 2d 108, 110-111 [28 Cal.Rptr. 660] and cases there cited.)

■ An examination of the petition and respondent's affidavit reveals that the only evidence which can be construed as reasonably referring to a waiver is the statement in Mr. Brobst's affidavit that "counsel for LOSCALZO agreed that if the judgment in the CUNNINGHAM case became final it would defeat the LOSCALZO claim, . . . " Respondent here argues that "[t]his was a clear waiver of the right to arbitrate when the Cunningham judgment became final, thus defeating any right of appellants to an order directing arbitration."[7] We disagree. Neither the above quoted allegation relied upon by respondent nor any other part of Mr. Brobst's affidavit states that petitioners' counsel waived their right to arbitrate or to continue with the arbitration then pending or to terminate or abandon such proceedings.[8] Express language to this effect is notably absent. The terms "waiver," "relinquishment," "arbitration" or other expressions synonymous therewith nowhere appear.[9] As we read the affidavit it says this: That Mr. Brobst moved that

---

[6] A petition such as the instant one "shall be heard in a summary way in the manner and upon the notice provided by law for the making and hearing of motions. . . . " (Code Civ. Proc., § 1290.2.)

[7] The parties concede before us that the *Cunningham* judgment *did* become and is final.

[8] We deem it unnecessary to discuss whether the statement of counsel was within his authority.

[9] It is also significant that they are absent from respondent's memorandum in opposition filed in the court below.

the arbitration hearing be continued on the ground that any award therein would be void if the *Cunningham* judgment became final and petitioners' counsel agreed that such event would defeat the Loscalzo claim. At best, and assuming it was authorized, this statement ascribed to petitioners' counsel merely referred to the *internal conduct of the arbitration proceedings themselves* and not to the *termination* or *abandonment* of such proceedings.

This contruction of the allegation is fortified by the statement that the arbitration hearing was *continued* presumably for the purpose of having the arbitrator then consider the effect of the finality of the judgment. If the statement of petitioners' counsel has any effect at all on petitioners' entitlement to an award, this bears upon the merits of the matter to be arbitrated which is to be determined by the arbitrator and with which we are not concerned. (*Posner* v. *Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 189 [14 Cal.Rptr. 297, 363 P.2d 313]; *O'Malley* v. *Petroleum Maintenance Co.* (1957) 48 Cal.2d 107, 111 [308 P.2d 9] and cases there collected.) We therefore are not called upon to determine whether or not the *Cunningham* judgment is res judicata as to these petitioners. Even assuming that the developments related in respondent's affidavit cause petitioners' contentions to lack substantive merit, such fact does not justify the order appealed from. (Code Civ. Proc., § 1281.2; *Bertero* v. *Superior Court, supra,* 216 Cal.App.2d 213, 221.) ''The parties have contracted for an arbitrator's decision and not for that of the courts.'' (*Posner* v. *Grunwald-Marx, Inc., supra,* 56 Cal.2d 169, 175.) ▆▆ The policy of California law is to recognize and give the utmost effect to arbitration agreements. (*Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amalgamated Clothing Workers, supra,* 192 Cal.App.2d 268, 276-277; *Homestead Savings & Loan Assn.* v. *Superior Court* (1961) 195 Cal.App.2d 697, 700 [16 Cal.Rptr. 121]; *Myers* v. *Richfield Oil Corp., supra,* 98 Cal.App.2d 667, 671.)

Respondent further claims that the arbitrator's ruling that petitioners had no claim under the uninsured motorists' coverage of their policy by reason of the adverse finding in the *Cunningham* case constituted an award. The claim is utterly without merit. The record is barren of any evidence that the arbitrator made any ruling whatsoever except to continue the proceedings.

We therefore conclude that the record does not support a conclusion that petitioners waived their right to compel arbi-

tration and we hold that it was therefore an abuse of discretion for the trial court to deny the petition.

The order appealed from is reversed.

Bray, P. J., and Molinari, J., concurred.