[Civ. No. 27899.   Second Dist., Div. One.   Feb. 8, 1965.]

JOHN L. JORDAN, Plaintiff and Appellant, v. PACIFIC AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

128

Brody, Grayson & Green, Samuel S. Brody and Joseph T. Vodnoy for Plaintiff and Appellant.

Patterson & Clements and Albert E. Nelson for Defendant and Respondent.

LILLIE, J.—Plaintiff was insured by defendant under an automobile accident policy containing uninsured motorist coverage. Thereafter he was involved in a collision with an automobile driven by one Mohacsi. Plaintiff asserted under the policy against defendant, and the latter denied, his claim for personal injury. He then invoked arbitration alleging that he had been injured in an accident involving an automobile driven by an "uninsured motorist"; award was in favor of defendant against plaintiff. Thereafter he petitioned the superior court to vacate the award; supporting and opposing affidavits were filed. The petition was denied. Plaintiff appeals from "an order dismissing the petition to vacate an award" (Notice of Appeal); whether this misrepresenta-

tion was made in order to bring this appeal within the ambit of subdivision (b), section 1294, Code of Civil Procedure, we can only speculate, but if plaintiff has any appeal pending it is from an order denying petition to vacate (Minute Order, April 2, 1963). The trial court made no order dismissing the petition. While appealable orders set up in section 1294 include "order dismissing a petition to . . . vacate an award" (subd. (b)), an order denying such petition is not therein specified. Perhaps this also accounts for plaintiff's failure to include the minute order in his record on appeal. In any event, we deem the appeal to be from order denying petition to vacate and set aside award.

Respondent says that an appeal from an order denying motion to vacate does not lie and should be dismissed, citing subdivision (b), section 1294, Code of Civil Procedure. (*Olivera* v. *Modiano-Schneider, Inc.*, 205 Cal.App.2d 9, 10-11 [29 Cal.Rptr. 30]; and *Hyatt* v. *Eckel Valve Co.*, 169 Cal. App.2d 35, 39 [336 P.2d 551].) The contention might have merit were this appeal also from an order confirming arbitration award; the appeal is in fact from an order denying petition to vacate. The record before us reflects neither a proceeding to confirm arbitration award in the lower court nor an order confirming an award. Thus, inasmuch as this appeal is solely from an order denying a petition to vacate and set aside an award, we treat the same as "in effect an appeal from an order confirming an award. (Code Civ. Proc., § 1293; *Pleaters etc. Assn.* v. *Superior Court*, 114 Cal.App. 35 [299 P. 555].)" (*Glesby* v. *Balfour, Guthrie & Co., Ltd.*, 63 Cal. App.2d 414, 417 [147 P.2d 60].)

Appellant's main contention is that the arbitrator exceeded his power by admitting evidence relative to the noninsurance of Mohacsi compelling a vacation of the award under section 1286.2, Code of Civil Procedure. He argues that the scope of arbitration is limited to liability and damages, and, in the absence of agreement, whether Mohacsi's automobile was covered is not an arbitrable issue but a preliminary one for the determination of the court.

California Insurance Code, section 11580.2 specifies the requisite for "uninsured motorist coverage" in automobile insurance policies. At the time plaintiff's policy was issued and the accident occurred, section 11580.2, subdivision (a) (Uninsured Motorist Coverage Act [Stats. 1959, ch. 817, p. 2835]) provided: "No policy of bodily injury liability insurance . . .

shall be issued . . . in this State to the owner or operator of a motor vehicle . . . unless the policy contains, or has added to it by endorsement, a provision insuring the named insured . . . for all sums which he shall be legally entitled to recover as damages for bodily injury from the owner or operator of an uninsured motor vehicle . . .''; and subdivision (d) : ''The policy . . . shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitraton. . . .''

Pursuant to these provisions the policy contained uninsured motorist coverage and an arbitration clause. By Coverage J-Family Protection Coverage therein defendant agreed: ''1. (Damages for bodily injury caused by uninsured automobiles) : To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile: [provided] for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so, the amount thereof, shall be made by agreement between the insured and such representative and the company, or, if they fail to agree, by arbitration.'' Thereafter, relative to damages, the term ''uninsured automobile'' was defined. ''2. . . . c . . . Damages-Uninsured Automobile: The term 'uninsured automobile' means: An automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or operator legally responsible for the use of such automobile.'' ▮ Concerning arbitration, Section 6, Family Coverage Endorsement, more specifically provided: ''If such person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by Arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbi-

trators may be entered in any court having jurisdiction thereof. Such person and the company agree to consider itself bound and to be bound by any award made by the Arbitrators pursuant to this Part.''

Upon denial of his claim, plaintiff made written Demand for Arbitration under section 6, Family Coverage Endorsement, based upon the failure of the insurer and insured to agree that he is ''legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury,'' specifically setting out therein the arbitration agreement (§ 6) contained in the policy; and under ''Claim or Relief Sought'' on the face of the demand plaintiff alleged: ''Assured, John L. Jordan was in an accident on 8/26/61 involving an automobile driven by an *uninsured motorist* according to notification by said motorist.'' (Italics added.)

Appellant complains that defendant filed no answer to his demand, and at the arbitration hearing for the first time placed in issue, over his objections, the ''uninsurance'' of Mohacsi.

Having invoked arbitration, plaintiff agreed to be bound by the rules of the American Arbitration Association. We know of no rule requiring the filing of an answer to a demand for arbitration, although rule III, section 7, Accident Claims Tribunal Rules, promulgated by the association, provides: ''The party upon whom the Demand for Arbitration is made may, if he so desires, file an answering statement . . . If no answer is filed within the stated time, it will be assumed that the claim made is denied.'' Having alleged in his demand that he suffered injury as the result of an accident involving an automobile driven by an ''uninsured motorist,'' plaintiff voluntarily placed in arbitration the validity of his entire claim in which he specifically included the issue of the noninsurance of the other motorist; defendant having filed no answer, the entire claim as set forth in the demand is deemed to have been controverted. Thus, at the outset, the ''uninsurance'' of Mohacsi was raised by plaintiff upon the filing of his demand, and made an issue by defendant when it failed ''within the stated time'' to interpose an answer—long before the arbitration hearing. Moreover, the record does not support the claimed ''objection of counsel'' when evidence concerning whether Mohacsi's car was covered was received; to the contrary, it shows that both plaintiff and his counsel, as a part of plaintiff's case, testified before the arbitrator concerning Mohacsi's ''unin-

surance'' (affidavits in support of petition to vacate). While it is unnecessary for the arbitrator to report the proceedings before him or to spell out the rationale of his award (*Interinsurance Exchange of Auto. Club* v. *Bailes*, 219 Cal.App.2d 830, 837 [33 Cal.Rptr. 533]), it is apparent from defendant's affidavit in opposition to the petition, which we are bound to accept as true (*DeWit* v. *Glazier*, 149 Cal.App.2d 75 [307 P.2d 1031]), that plaintiff sought but failed to prove to the satisfaction of the arbitrator that Mohacsi was not covered.

Thus plaintiff not only placed in issue before the arbitrator the ''uninsurance'' of Mohacsi as part of his claim, but at the arbitration hearing attempted to show by way of hearsay evidence that Mohacsi was not insured. That this issue is one properly for the arbitrator is supported by the statutory law of this state and the terms of the policy. ■ General rules relative to arbitration and arbitration agreements and proceedings are provided in section 1280 et seq., Code of Civil Procedure. They reflect the strong legislative policy favoring arbitration. They substantially limit the power of the court over a controversy once it is determined that an agreement to arbitrate exists; thereupon ''an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit'' (Code Civ. Proc. § 1281.2). This leaves the entirety of a controversy to the determination of the arbitrator. Thus, applied to an ''uninsured motorist'' claim, the parties having agreed to arbitration, the issue whether the other automobile was in fact covered is a part of ''such controversy,'' and, aside from accident liability and damages, the insured's claim against the insurer would have no ''substantive merit'' unless he could show that the other vehicle was not covered. However, the issues to be arbitrated in an ''uninsured motorist'' claim are covered entirely by statute.

■ Section 11580.2, Insurance Code, relates specifically to arbitration under the Uninsured Motorist Coverage Act. Subdivision (d),* the basis for the arbitration agreement in the policy, requires that it shall provide that ''[t]he determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made'' in the event of disagreement between the insured and insurer, ''by arbitration.'' Surely, in line with the strong legislative policy favoring arbitration, it was

---

*As it read prior to the 1961 Revision. Now see subdivision (e).

contemplated that under such provision the arbitrator would decide all facts relative to the issue whether the insured "shall be legally entitled to recover damages." ▮ Thus, as here, if recovery against the insurer is dependent upon whether the other party was uninsured then the fact of "uninsurance" also becomes a necessary element of proof by the insured to establish his claim in arbitration. This is evident from the existence in subdivision (b), section 11580.2, of the definition of the term "uninsured motor vehicle,"[1] and a similar one under "2. . . . c . . . Damages—Uninsured Automobile," in the policy, which definition clearly was meant for use by the arbitrator in determining whether an "insured shall be legally entitled to recover damages," and not primarily for use by the court in a hearing on the merits. To hold otherwise—that the issue of "noninsurance" of a motorist is one for the court to decide on preliminary hearing before arbitration can be completed—would permit a piecemeal determination of the claim before the arbitrator and allow protracted delays inherent in court litigation, both of which are in contravention of the primary purpose of arbitration "of expediting and facilitating the settlement of disputes and to overcome delays caused by litigation" (*Pneucrete Corp.* v. *United States Fid. & Guar. Co.,* 7 Cal.App.2d 733, 740 [46 P.2d 1000]), and the "strong public policy in favor of arbitration, of settling arbitrations speedily and with a minimum of court interference and of making the awards of arbitrators final and conclusive." (*United States Plywood Corp.* v. *Hudson Lumber Co.,* 124 Cal.App.2d 527, 530 [269 P.2d 93], cited by the court in *Government Employees Ins. Co.* v. *Brunner,* 191 Cal.App.2d 334, 340-341 [12 Cal.Rptr. 547].) More important, it would virtually deprive the insured of the value of arbitration as a speedy remedy under the Uninsured Motorist Coverage Act.

Significant is certain language in *Interinsurance Exchange of Auto. Club* v. *Bailes,* 219 Cal.App.2d 830 [33 Cal.Rptr. 533]. Defendant therein was insured by plaintiff company under a similar policy containing an uninsured motorist clause; she claimed injury due to a sudden stop forced by another vehicle entering the highway without warning. When

---

[1] ". . . The term 'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance . . . applicable at the time of the accident, . . . or there is such applicable insurance . . . but the company writing the same denies coverage thereunder . . ."

plaintiff denied her claim she invoked arbitration; therein plaintiff contended mainly that the uninsured motorist clause was inapplicable because it applied only where there was physical contact between the two vehicles. It instituted action for declaratory relief which resulted in a judgment in favor of defendant ordering arbitration; arbitration proceeded and an award in favor of plaintiff followed. The arbitrator found that defendant " 'is not legally entitled to recover damages from the owner or operator of an uninsured automobile as defined in the insurance policy . . .' " (p. 833), and that she " 'failed to establish as a fact the existence of any other automobile or driver which caused or contributed to the sudden stop by the operator' " (p. 833) of her vehicle. Defendant appealed from the judgment confirming the award. The court deemed the arbitration agreement in the policy, similar to the one at bar, to be a " 'general' one" (p. 834); relative to the award it said at page 836: "Further, the arbitration award rested not only on the finding that there was no proof of the existence of another car, but on a second ground. In order to prevail in the arbitration, it was obligatory on defendant to prove not only an accident involving an 'uninsured motorist' but also that such motorist was liable to her under the familiar rules of negligence and contributory negligence, with all their traditional ramifications. In paragraph 3 of the award, the arbitrator found that defendant 'is not legally entitled to recover damanges [*sic*] from the owner or operator of an uninsured automobile.' " The judgment was affirmed.

We conclude that the arbitrator had the authority and power to decide the issues submitted to arbitration by the plaintiff in his demand for arbitration—whether Mohacsi, driver of the other vehicle, was liable to him under ordinary rules of negligence; whether plaintiff sustained bodily injury as the proximate result of the accident; and if so, whether the automobile driven by Mohacsi was an "uninsured motor vehicle." Inasmuch as the statutory law of this state (Code Civ. Proc., §§ 1280 et seq.; Ins. Code, § 11580.2) supports the power of the arbitrator to decide the noninsurance of the other vehicle in an "uninsured motorist" claim, we deem neither the New York law nor cases construing the same to be persuasive. Moreover, the "striking similarities" between New York and California legislation with respect to arbitration relied upon by appellant do not in fact appear to be substantial in the significant area of this controversy.

The foregoing renders unnecessary consideration of appellant's last contention—that by admitting evidence with respect to the uninsurance of Mohacsi the arbitrator committed "misconduct . . . which substantially prejudiced" his rights. (Code Civ. Proc., § 1286.2.) Moreover, his argument "that the lack of insurance is the only logical and rational basis upon which the arbitrator could have denied recovery," requires an examination of the evidence given at the arbitration hearing. ▉ Neither the merits of the controversy (*O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107, 111-112 [308 P.2d 9]) nor the sufficiency of the evidence to support the arbitrator's award are matters for judicial review. (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal.2d 228 [174 P.2d 441]; *Crofoot* v. *Blair Holdings Corp.*, 118 Cal.App.2d 156, 192 [260 P.2d 156].)

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.