[Civ. No. 22320.   First Dist., Div. Two.   Dec. 21, 1965.]

FEDERAL MUTUAL INSURANCE COMPANY, Plaintiff and Respondent, v. PATRICIA SCHERMERHORN, Defendant and Appellant.

Bernard Allard, Francis T. Cornish, John B. Brethauer, and Spellacy, Spellacy, Lano & Anderson for Defendant and Appellant.

Sedgwick, Detert, Moran & Arnold and Raymond J. Arata, Jr., for Plaintiff and Respondent.

AGEE, J.—On December 10, 1960, Patricia Schermerhorn was injured as the result of a collision between an automobile in which she was riding and a pickup truck owned and being driven by George Matsunaga.

Allstate Insurance Company had issued a public liability insurance policy on another vehicle owned by Matsunaga but there was no existing policy on the pickup truck. However, the Allstate policy contained a ''temporary substitute'' clause and Matsunaga claimed coverage of the pickup truck under its provisions. Allstate denied such coverage.

Federal Mutual Insurance Company had issued a public liability insurance policy on the automobile in which Schermerhorn was riding. It provided uninsured motorists' coverage and contained a provision to settle by arbitration any controversy relating to liability or damages arising under such coverage.

On February 25, 1964, Schermerhorn requested arbitration under this provision and caused a hearing to be scheduled before the American Arbitration Association for May 28, 1964.

On April 15, 1964 Federal filed the within action against Allstate, Matsunaga and Schermerhorn, seeking a declaration of whether Allstate's policy covered Matsunaga's pickup truck.

Federal also asked for a preliminary injunction against Schermerhorn, restraining her from proceeding with the arbitration until the determination of its dispute with Allstate. Such an injunction was granted and Schermerhorn has appealed.

On February 11, 1965 the issue as between Federal, All-state and Matsunaga was tried by the court sitting without a jury.[1] On April 23, 1965, the court filed a ''Memorandum of Opinion,'' holding that Allstate's policy did not cover Matsunaga or his pickup truck.

After settlement of findings and conclusions of law, judgment in favor of Allstate was entered on December 10, 1965. Federal has stated that it intends to appeal therefrom. Meanwhile, the preliminary injunction continues to prevent Schermerhorn from pursuing the remedy provided by the Uninsured Motorist Coverage Act. (Stats. 1959, ch. 817; former Ins. Code, § 11580.2, as in effect during the period pertinent herein.)

On appeal, respondent does not deny appellant's right to such remedy or question the power of the arbitrator to determine the issue as to whether Matsunaga is or is not an ''uninsured motorist.'' (Cf. *Jordan* v. *Pacific Auto Ins. Co.* (1965) 232 Cal.App.2d 127, 132 [42 Cal.Rptr. 556].)

Respondent states that, while the legislative intent of the Act ''is clearly one to provide financial protection to users of the highways who are injured due to the negligence of uninsured motorists,'' a ''Delay of an arbitration hearing does not thwart the Legislative intent'' and that ''The delay here was purposely temporary to determine if in fact George Matsunaga was uninsured at the time of the accident.''

The ''temporary'' delay, which commenced with the issuance of the preliminary injunction, will continue until the final determination of Federal's appeal from the judgment in favor of Allstate, *unless* such injunction is dissolved and the arbitration hearing allowed to proceed.

Respondent's points and authorities filed with the court below in support of its application for a preliminary injunction made two contentions only, (1) that the issue as to whether Matsunaga was an uninsured motorist was for the determination of a court and ''should not be left to arbitration'' and (2) that, by filing a superior court personal injury action against Matsunaga, ''Patricia Schermerhorn chose to submit to the court the question of her right to recover damages and if so, the amount thereof, thereby waiving her right to demand arbitration.'' Both of these contentions have now been decided adversely to respondent by our appellate courts.

---

[1]We take judicial notice of these proceedings. (*City & County of San Francisco* v. *Carraro*, 220 Cal App.2d 509, 527 [33 Cal.Rptr. 696].)

The record does not disclose the ground or grounds upon which the preliminary injunction was granted. However, *Jordan* v. *Pacific Auto Ins. Co., supra,* and *Loscalzo* v. *Federal Mut. Ins. Co.,* 228 Cal.App.2d 391 [39 Cal.Rptr. 437], were decided *after* its issuance and were therefore not available for consideration by the court.

In *Jordan,* as stated above, it was held that the uninsured motorist question is properly triable in the arbitration proceedings.

*Loscalzo* was decided on July 9, 1964, and arose out of the same accident as that involved herein. Federal claimed a waiver of the right to arbitration by Loscalzo and his wife, who were occupants of the same car in which appellant was riding. The claim of waiver related to the effect of a superior court judgment in favor of one Cunningham, in which it was held that Loscalzo was negligent in the driving of his car. The principles of waiver are discussed at length in the decision (pp. 396-398) and the lower court's order denying the Loscalzos' petition to compel arbitration was reversed as being an abuse of its discretion.

Respondent's brief on appeal was filed herein after the *Jordan* and *Loscalzo* decisions were filed. Respondent does not mention the waiver contention therein and it apparently has been abandoned.

As to the other contention, respondent cites a New York decision for the proposition that the question of noninsurance is "a matter for preliminary judicial determination in a separate action." We adopt the following statement in *Jordan*: "Inasmuch as the statutory law of this state [citations] supports the power of the arbitrator to decide the noninsurance of the other vehicle in an 'uninsured motorist' claim, we deem neither the New York law nor cases construing the same to be persuasive." (P. 134.)

Appellant does not contend that there is any *express* prohibition in section 11580.2 of the Insurance Code (1959 Act) against a delay such as that caused by the preliminary injunction herein. However, she does call attention to the following provision therein as being indicative of the legislative intent: ". . . nor shall payment under this section to such insured be delayed or made contingent upon the decisions as to liability or distribution of loss costs under other bodily injury liability insurance or any bond applicable to the accident."

Consistent with such intent and of importance to respond-

ent in the event it eventually prevails as against Allstate is the following provision in the statute: "An insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury or death to the extent that payment was made."

In the recent case of *Jordan* v. *Pacific Auto Ins. Co., supra,* the court stated that to hold up the completion of arbitration until a court decided the issue of noninsurance of a motorist "would permit a piecemeal determination of the claim before the arbitrator and *allow protracted delays* inherent in court litigation, . . . More important, *it would virtually deprive the insured of the value of arbitration as a speedy remedy* under the Uninsured Motorist Coverage Act." (P. 133; italics added.)

We are fully mindful of the general rule that the issuing of a preliminary injunction rests largely in the discretion of the trial court and that the exercise of such discretion will not be reversed on appeal unless there is present a manifest abuse of discretion. (*Wind* v. *Herbert,* 186 Cal.App.2d 276, 283 [8 Cal.Rptr. 817].)

However, we think that the continuance of the preliminary injunction in the instant case until the appeal of Federal from the judgment in favor of Allstate is finally adjudicated would constitute an abuse of such discretion as a matter of law.

The order appealed from is reversed and the preliminary injunction is dissolved.

Shoemaker, P. J., and Taylor, J., concurred.