[Civ. No. 23802.    First Dist., Div. One.    Nov. 2, 1966.]

PACIFIC INDEMNITY COMPANY, Petitioner v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; KEVIN LANG, Real Party in Interest.

Bronson, Bronson & McKinnon and John H. Sears for Petitioner.

No appearance for Respondent.

Nathan Cohn and Michael Berger for Real Party in Interest.

SULLIVAN, P. J.—Petitioner seeks a writ of mandate commanding respondent superior court to issue a preliminary injunction enjoining an arbitration proceeding pending the final determination of an action brought by petitioner in the court below.

Prior to September 18, 1960 petitioner issued a policy of automobile insurance to Vaughn Lang, father of real party in interest Kevin Lang, a minor, effective for the period September 18, 1960 to September 18, 1961, together with a "Family Protection Coverage Endorsement" providing for uninsured motorist coverage as required by the statute then in effect. (See Ins. Code, § 11580.2 as enacted in 1959; see Stats. 1959, ch. 817, § 1, p. 2835.)[1] On June 18, 1961, while the above policy was in effect, Kevin was allegedly injured by an uninsured motorist.

The parties before us appear to be in agreement that Kevin was an additional insured within the provisions of the policy. It is also undisputed that petitioner received no notice of the alleged accident or of any claim on behalf of Kevin until June 2, 1964, although the policy and endorsement thereof required that notice of any claim be given petitioner "as soon as practicable." No demand for arbitration was filed on behalf of Kevin until April 20, 1966 at which time it was filed with the American Arbitration Association (American) by Kevin's attorney. ■ ■■■ Petitioner alleges on information

---

[1]Hereafter, unless otherwise stated, all section references are to the Insurance Code.

and belief, and real party does not deny, that the latter has never brought an action against the uninsured motorist.[2]

Shortly after real party's demand for arbitration, petitioner brought an action for declaratory and injunctive relief in the court below against Kevin Lang, Vaughn Lang and American seeking a judgment declaring that any cause of action or right to demand arbitration under the policy arising out of the accident of June 18, 1961 was barred because of the failure of Kevin or his father to demand arbitration within the one-year period prescribed by section 11580.2, subdivision (h) as enacted in 1961 and by the failure of said insured to give notice of the claim "as soon as practicable" as required by the policy. Petitioner's action below also sought preliminary and permanent injunctions staying the arbitration proceedings initiated before American. On June 23, 1966 the trial court denied petitioner's motion for a preliminary injunction and dissolved the temporary restraining order theretofore issued. On June 29, 1966 it made and filed a formal written order to this effect. Although the court's order is silent as to its grounds, petitioner asserts, and it is not disputed, that the court deemed it was prohibited under the authority of *Federal Mut. Ins. Co.* v. *Schermerhorn* (1965) 238 Cal.App.2d 900 [48 Cal.Rptr. 325] from enjoining an arbitration proceeding initiated pursuant to the uninsured motorist statute. Petitioner thereupon commenced the instant proceedings.

We must first survey the statutory setting in which the present controversy is cast. Section 11580.2, which was added to the Insurance Code in 1959 (Stats. 1959, ch. 817, p. 2835), provided that no policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance or

---

[2]Upon the filing of the petition in this court real party filed points and authorities in opposition thereto. (Cal. Rules of Court, rule 56 (b).) Upon our issuance of the alternative writ, real party, instead of filing a return, filed with us a letter requesting us to "regard . . . [the foregoing] 'Points and Authorities in Opposition to Petition . . .' as our Written Return to the Writ." Real party thus appears to misunderstand the instant proceedings and the rules governing them. The points and authorities which he seeks to adopt by reference do not satisfy the requirements of a return. They are not verified and they neither adhere to the format nor fully perform the function of a return to the writ. Under our rules the real party "may make a return, by demurrer, verified answer or both." (Cal. Rules of Court, rule 56 (c).) The document attempted to be utilized here is neither: it in no way resembles a demurrer and, aside from being unverified, is not an answer directly responsive to the allegations of the petition. (See generally 3 Witkin, Cal. Procedure (1954) pp. 2555-2556.) Therefore, the so-called return, for what it is worth, contains no denials of the allegations of the petition.

use of a motor vehicle should be issued unless it contained or had added to it by endorsement a provision insuring the named and additional insured for all sums which he would be legally entitled to recover as damages for bodily injury against the owner or operator of an uninsured motor vehicle. Said statute also required a provision in the policy or endorsement "that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." (P. 2837.) However, the statute prescribed no period of limitations during which any such arbitration proceedings should be instituted.

In 1961 the Legislature repealed the above section 11580.2 (Stats. 1961, ch. 1189, § 1, p. 2921) and simultaneously re-enacted section 11580.2 (Stats. 1961, ch. 1189, § 2, p. 2921) in substantially the same terms although with certain changes and additions. The repeal and re-enactment were effective September 15, 1961. The re-enactment, among other things, added subdivision (h) which provides as follows: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings." (§ 11580.2, subd. (h) ; see Stats. 1961, p. 2924.)

The central issue in this case is whether the court below abused its discretion in denying injunctive relief. Our resolution of this issue rests on a determination of two subsidiary questions: (1) Was the issue as to whether real party's claim was barred by the one-year period of limitations specified in section 11580.2, subdivision (h) one to be decided by the trial court or one to be committed to arbitration? (2) Was real party's right to demand arbitration in fact barred under the provisions of such statute?

The first question appears to be determined by *Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal.App.2d 333 [43 Cal.Rptr. 476]. There the accident giving rise to the claim for damages under the uninsured motorist coverage occurred on October 17, 1962. No action of any kind was taken by the claimant until September 23, 1964, almost two years after the accident, at which time she instituted arbitration

proceedings before the American Arbitration Association. The insurer thereupon commenced an action against the claimant seeking a judgment enjoining the arbitration proceedings and declaring that the claimant had no valid cause of action. The trial court sustained the claimant's demurrer and ordered all further proceedings stayed pending determination of the arbitrator. The appellate court, upon the petition of the insurer, issued a peremptory writ of mandate commanding the trial court to vacate its order and overrule the demurrer.

Adverting to the holding in *Jordan* v. *Friedman* (1946) 72 Cal.App.2d 726 [165 P.2d 728] that failure to make a timely demand for arbitration constitutes a waiver of the right, the court concluded that such a rule was "peculiarly applicable" to the uninsured motorist statute when examined as a whole. "It appears to be the legislative intent that compliance with subdivision (h) is a condition precedent to arbitration as well as to the enforcement of any other right under the policy. Failure to act within this time limit constitutes a waiver of the right to arbitrate, and such waiver may be determined by a court whose jurisdiction is invoked for that purpose." (233 Cal.App.2d at p. 339.)

The court in *Aetna* further observed that courts determine facts on the weight of competent evidence and apply the law according to settled principles whereas arbitrators may base their decision upon " 'broad principles of justice and equity.' " "Subdivision (h) [of § 11580.2] is, in effect, a statute of limitations. Such statutes are intended to set controversies at rest by foreclosing consideration thereafter as to the merits of the claim. To reject a strict application of the law in favor of 'broad principles of justice and equity' would make a statute of limitations meaningless." (P. 340.) It therefore concluded that it was the trial court's duty to determine whether the insurer was relieved of any obligation to arbitrate by reason of the claimant's failure to satisfy the conditions precedent imposed by the statute.

We therefore feel that the holding and the rationale of the court in *Aetna* are applicable to the instant case and we have concluded that the issue of the statute of limitations set forth in subdivision (h) of section 11580.2 was one for judicial determination prior to arbitration. This conclusion, we think, promotes the fundamental plan and purpose of the statute. The issue of the statute of limitations is not one of the arbitrable issues having to do with the liability of the *uninsured motorist* to the *insured* but relates directly to the lia-

bility or obligation of the *insurer* to the *insured* under the policy and pertinent statute. (§ 11580.2, subds. (a), (e), (h); see *Aetna Cas. & Surety Co.* v. *Superior Court, supra,* 233 Cal.App.2d 333, 337; *Fisher* v. *State Farm Mut. Auto Ins. Co.* (1966) 243 Cal.App.2d 749, 751-752 [52 Cal.Rptr. 721].) Furthermore our conclusion appears to be in harmony with Code of Civil Procedure section 1281.2 which provides for an order by the court compelling arbitration "if it [the court] determines that an agreement to arbitrate the controversy exists, *unless it determines that* : (a) *The right to compel arbitration has been waived* by the petitioner; . . ." (Italics added.)

*Federal Mut. Ins. Co.* v. *Schermerhorn, supra,* 238 Cal.App. 2d 900, on which the trial court relied in denying injunctive relief, does not persuade us to a different conclusion and, in fact, is not in point at all. In that case Schermerhorn was injured as a result of a collision between the automobile in which she was riding and a truck. There was a dispute as to whether a policy issued by Allstate Insurance Company actually covered the truck. Federal, however, had issued a policy of liability insurance on the automobile in which Schermerhorn was riding which provided uninsured motorist coverage. She requested arbitration under this provision, whereupon Federal commenced an action against all other parties seeking a declaration as to whether Allstate's policy covered the truck and a preliminary injunction against Schermerhorn restraining her from proceeding with the arbitration proceedings. On appeal the court, relying on *Jordan* v. *Pacific Auto Ins. Co.* (1965) 232 Cal.App.2d 127 [42 Cal.Rptr. 556], reversed the order and dissolved the preliminary injunction on the ground that the issue of the other motorist's non-insurance or "uninsurance" was one which should have been committed to arbitration.[3] *Federal Mutual* did not involve any issue as to the one-year period of limitations specified in section 11580.2, subdivision (h), and is no authority for the proposition that such issue must be committed to arbitration.

We now take up the second question to be decided and consider whether the real party's right to demand arbitration has in fact been barred by the statute. The problem inherent in this question lies in the circumstance that the statute creat-

---

[3]It is also noteworthy that in *Federal Mutual* the insurance company did not "question the power of the arbitrator to determine the issue as to whether Matsunaga is or is not an 'uninsured motorist.'" (238 Cal. App.2d at p. 902.)

ing the one-year period of limitation (§ 11580.2, subd. (h)) did not become effective until September 15, 1961 and therefore subsequent both to the issuance of the policy of automobile insurance in September 1960 and to the occurrence of Kevin Lang's accident in June 1961. We think that this problem is resolved by *Niagara Fire Ins. Co.* v. *Cole* (1965) 235 Cal.App.2d 40 [44 Cal.Rptr. 889].

In *Niagara,* the policy of automobile liability insurance provided coverage for the period March 10, 1960 to March 10, 1961 and the accident giving rise to the claim under its uninsured motorist provisions took place on April 4, 1960. Thus, there, as here, both the issuance of the policy and the accident occurred prior to the effective date of section 11580.2, subdivision (h), namely September 15, 1961. Although the claimant in that case furnished the insurer with a timely statement concerning the accident, he filed no suit against the uninsured motorist and, until July 17, 1963, instituted no arbitration proceedings. On the last mentioned date he, for the first time, made a claim for damages against the insurer and filed a demand for arbitration with the American Arbitration Association. Thus, in that case as in the instant one, arbitration proceedings were instituted substantially more than a year after the effective date of the statute prescribing the one-year period of limitation. Thereupon the insurer in *Niagara,* as the insurer in the case before us, commenced an action for declaratory relief and for an injunction staying the arbitration proceedings, alleging that the claimant's cause of action under the uninsured motorist provisions of the policy was barred by the above statute. The trial court concluded that the cause of action was barred.

Affirming the judgment, the appellate court pointed out that the one-year period of limitations could not be applied retroactively to wipe out an accrued cause of action not barred by the then applicable statute of limitations but that it could be applied prospectively providing that the claimant is allowed a reasonable time to proceed with his cause of action.

The court said: "More than one year elapsed from the date of the accident, April 4, 1960, and the effective date of section 11580.2, subdivision (h), September 15, 1961. Therefore the amendment cannot be applied retroactively, to deprive appellant of her cause of action. However, even by applying the amendment prospectively, we find that more than one year elapsed from the date of enactment and appellant's demand for arbitration. Thus the question narrows to whether appel-

lant was allowed a reasonable time to present her claim after the statute became effective.

"The period of limitations commenced to run September 15, 1961, the effective date of the enactment. Under the statute appellant had one year, the maximum period allowed under the statute, to take action on her claim. Were we to hold this an unreasonable limitation as to appellant, it would follow that we deem the one-year limitation provided by section 11580.2, subdivision (h), inherently unreasonable. We do not so hold, because the considerations which support the one-year period of limitations fixed by section 11580.2, subdivision (h), appear reasonable to us." (235 Cal.App.2d at p. 43.)

It is quite apparent that the facts of *Niagara* are in close parallel to those of the instant case and that its holding, with which we agree, is dispositive of the question now confronting us. To paraphrase, in the case before us more than one year elapsed from the effective date of the statute, that is September 15, 1961, and the date, April 20, 1966, upon which the real party formally instituted arbitration proceedings. Such a prospective application of the statute impairs no vested rights of real party and, since it allows him the maximum period of the limitation to take action on his claim, cannot possibly be considered an unreasonable time under the present facts. It is therefore clear that since more than one year elapsed from September 15, 1961 before real party made his demand for arbitration on April 20, 1966, his right to arbitration was barred by the statute. What we have said above is at the same time a complete answer to real party's argument that the policy of insurance was not "issued pursuant to this section" as those words are used in subdivision (h) of the 1961 statute because it was issued in 1960, a year before the effective date of the statute. As we pointed out above, the policy in the *Niagara* case was issued prior to the effective date of section 11580.2 as enacted in 1961.

We therefore reach these conclusions: First the trial court should have decided the statute of limitations issue; and second, the one-year period of limitations, although created by statute after the issuance of the policy and the occurrence of the accident, may be constitutionally applied prospectively to the cause of action and is a bar to the real party's right to arbitration. Does the minority of real party, as he urges before us, toll the one-year period of limitation and avert its bar of claim? We think not.

In *State Farm etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808 [43 Cal.Rptr. 209] the injured person, a 12-year-old minor, was an additional insured under a policy of automobile insurance providing uninsured motorist coverage. She did not comply with subdivision (h) of section 11580.2 and no action was taken on her behalf until nearly 15 months after the accident when a demand for arbitration was made. The insurer refused to arbitrate upon the ground that the claimant had waived such right and, upon the claimant's petition under Code of Civil Procedure section 1281.2, was thereupon ordered to do so by the court. It thereupon sought and was granted a peremptory writ of mandate directing the vacating of such order. The court held that despite the disability of minority provided for in Code of Civil Procedure section 352, a minor must comply with the one-year limitation prescribed by section 11580.2, subdivision (h). In reaching this conclusion the court deemed itself bound by the leading case of *Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831] which invoked a statute providing for a cause of action against certain governmental agencies, specifying time limitations for filing and making no distinction in respect thereto between minors and adults. Observing that in that case a majority of the Supreme Court had rejected the contention that the statute involved did not apply to minors, the court in *State Farm* was "impelled to conclude that the disability of minority under Code of Civil Procedure section 352 is not applicable to the limitation specified in subdivision (h) of Insurance Code section 11580.2.'' (232 Cal.App.2d at p. 810.)

We find the rationale of *Artukovich* expressed in the following language: "Thus there are statutory provisions extending special consideration to minors with respect to the time within which certain proceedings must be commenced (Code Civ. Proc., §§ 328, 352, 1272; Prob. Code, §§ 384, 931), but the special consideration extended is expressly limited to the proceedings therein mentioned. We find no similar provisions extending special consideration to minors in statutes prescribing the time within which claims must be filed or the time within which proceedings must be commenced upon rejected claims either in probate proceedings [citation] or in liquidation proceedings [citations]; and it was held in *Carpenter* v. *Eureka Cas. Co.,* 14 Cal.App.2d 533 [58 P.2d 682], that where such statutes make no exception in favor of minors, none may be implied." (21 Cal.2d at pp. 333, 334.) We are in accord

with the view of the court in *State Farm* and feel similarly bound by the principles enunciated in *Artukovich*. ■ As we read the pertinent statute before us, it imposes a condition precedent effective against all persons claiming its benefits; it makes no mention of minors nor does it establish any exception on their behalf. We therefore conclude that the period of limitations was not tolled during real party's minority.

■ Under the undisputed facts of this case and the legal authorities discussed above, it appears that the real party's right to demand arbitration was barred by section 11580.2, subdivision (h) and that it became the clear legal duty of the court to enjoin the arbitration proceedings. Since under the circumstances the discretion of the trial court could be legally exercised in only one way, it was an abuse of discretion for the court to deny a preliminary injunction and make the order which it did. (*California Pine Box & Lbr. Co.* v. *Superior Court* (1910) 13 Cal.App. 65, 70 [108 P. 882]; *Marr* v. *Superior Court* (1939) 30 Cal.App.2d 275, 279 [86 P.2d 141]; see generally 3 Witkin, Cal. Procedure (1954) 2531; 32 Cal. Jur.2d, Mandamus, §§ 33-37, pp. 196-214.)

It is ordered that a peremptory writ of mandate issue commanding respondent superior court to set aside its order made on June 23, 1966 and its written order made and filed on June 29, 1966 and to issue a preliminary injunction enjoining the said arbitration proceedings as prayed for.

Molinari, J., and Bray, J.,* concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 28, 1966. Sullivan, J., did not participate therein. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.