[Civ. No. 43029. First Dist., Div. Three. Feb. 20, 1979.]

OFFICE AND PROFESSIONAL EMPLOYEES UNION, LOCAL 29,
Plaintiff and Appellant, v.
SEA-LAND SERVICE, INC., Defendant and Respondent.

**COUNSEL**

Bunch & White and Thornton C. Bunch, Jr., for Plaintiff and Appellant.

Littler, Mendelson, Fastiff & Tichy and Kathleen M. Kelly for Defendant and Respondent.

**OPINION**

**FEINBERG, J.**—This is an appeal from an order denying a petition to compel arbitration.

There is no dispute as to the relevant facts. Appellant Office and Professional Employees Union, Local 29 and respondent Sea-Land Service, Inc., are parties to a collective bargaining agreement which has been operative at all times pertinent to this dispute. The agreement provides a procedure to adjust grievances culminating in binding arbitration.

On October 20, 1976, Ray Jacobs, an office clerical employee, was suspended for 30 days for alleged insubordination. Mr. Jacobs, upon receiving notice of his suspension, filed a grievance pursuant to the collective bargaining agreement. In a letter dated October 21, 1976, Mr. Jacobs withdrew the grievance "without prejudice" because of his unavailability to attend the required meeting to consider his grievance. Upon his return to work on November 22, 1976, Mr. Jacobs refiled the same grievance. Respondent, however, took the position that the withdrawal of the first grievance constituted a final, binding resolution of the matter.

Respondent has indicated its willingness to arbitrate the question of whether the grievance was still arbitrable but not the merits of the grievance. Respondent has agreed, however, that if the ruling went against it, it was willing, in a separate proceeding, to arbitrate the merits of the grievance. The union agreed to make arbitrability the first issue in controversy but, for its part, it also wanted to arbitrate the merits of the grievance at the same proceeding.

On May 23, 1977, to force arbitration, the union filed a petition to compel arbitration. On July 25, 1977, the superior court, in an order directing that arbitration proceed, denied the motion for petition to compel arbitration.[1] The union appeals from that order.

---

[1]The order is confusing. It is captioned "ORDER DIRECTING THAT ARBITRATION PROCEED," but in the body of the order, it states the "petition for an order directing the arbitration . . . filed by the petition is . . . *denied.*" (Italics added.) Both parties appeared to have treated this case both at trial and here as though it had been filed as "a petition to compel arbitration on the merits of the grievance at the same arbitration proceeding in which the question of whether the grievance was still arbitrable would be determined." In this light, the order of the trial court denying arbitration means only that it refused to compel arbitration on the merits *in the same arbitration proceeding* in which the viability of the grievance would be determined. For purposes of this opinion, we have treated the case in the same light.

### Did the Trial Court Violate the
### Mandate of Code of Civil Procedure
### Section 1281.2?

Code of Civil Procedure section 1281.2 sets out the court's jurisdiction in a petition to compel arbitration. It states in relevant part:[2] "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement. If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit."

█ Appellant correctly contends that under this provision the court's jurisdiction is limited to making two determinations: first, that an agreement to arbitrate the controversy exists, and second, that one party refuses to arbitrate. (*Morris* v. *Zuckerman* (1967) 257 Cal.App.2d 91, 95 [64 Cal.Rptr. 714]; *Jordan* v. *Pacific Auto. Ins. Co.* (1965) 232 Cal.App.2d 127, 132 [42 Cal.Rptr. 556].) Hence, it must be determined whether the court by refusing to order arbitration of both the procedural and substantive issues failed to discharge the mandate of Code of Civil Procedure section 1281.2.

Appellant claims that by denying its petition to compel arbitration of both questions, the trial court interfered with the arbitrator's authority to determine the form and sequence of arbitration. The court's order did not mean that arbitration of the substantive issues was precluded; rather, its only effect was that arbitration of the merits would occur only after the arbitrability issue had been resolved. Of course, a decision on the merits of the grievance would be completely precluded if Mr. Jacobs' grievance was no longer arbitrable. Thus, the court's order does affect the sequence of the presentation of issues. However, because the parties had agreed that the arbitrability issue would be considered first, the effect is minimal

---

[2]Section 1281.2 was amended in 1978; however, the amendments are not pertinent to this case.

since the same sequence would have occurred if the court had ordered a single proceeding encompassing both questions.[3]

Although it appears that the court's order had a minimal effect on the arbitral process, we are still faced with a resolution of the question of whether its decison, which may result in bifurcating the arbitral process, was permissible under the statute.

This question lacks either controlling authority or cases directly addressing the issue. Respondent asserts that the court's order was proper under *Berman v. Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385 [35 Cal.Rptr. 218]. In that case, the court held that until the arbitrator has made a determination on the issue of arbitrability, the court should not compel arbitration on the grievance itself. The *Berman* court, however, did not state that the arbitrability inquiry was to be separated necessarily from the substance of the grievance. It merely stated that "where the existence of an arbitration contract is admitted or found, it is for arbitrators and not the courts to resolve any doubts as to its meaning and extent." (*Id.,* at p. 388.)

On the other hand, appellant argues that the threshold issue of arbitrability is part of the "entirety of the controversy" and should be submitted to the arbitrator. (*Morris v. Zuckerman, supra,* 257 Cal.App.2d at pp. 95-96.) Such language suggests that a court, given the facts of the instant case, should conclude that there are not two separate disputes between the parties, but only one, with the issue of nonarbitrability being one aspect of the dispute. However, *Morris* was an appeal from a court order denying a petition to compel arbitration and the court did not explicitly state that the question of arbitrability had to be decided simultaneously with the substantive merits.

In *John Wiley & Sons v. Livingston* (1964) 376 U.S. 543, [11 L.Ed.2d 898, 84 S.Ct. 909], an action to compel arbitration, the issue was whether a duty to arbitrate under a collective bargaining agreement survived the merger of the contracting employer with another corporation. The corporation arising from the merger asserted, among other things, that

---

[3]The intriguing question in this case is not the issue on appeal but rather why it ever came to court. There may be reasons that we do not apprehend but, realistically, the difference between what appellant wanted and what respondent agreed to does not seem more substantial than the difference between Tweedledum and Tweedledee. It seems to be, as Shakespeare put it, "Much ado about nothing."

the union had not complied with the grievance procedure set forth in the collective bargaining agreement and that the employer, thus, had no duty to arbitrate. In response, the union claimed that the employer's persistent refusal to recognize the union made compliance with the procedures futile. There, the procedural questions were clearly intertwined with the substantive issues the union sought to arbitrate, i.e., the relationship between the union and the employer. The court ordered that arbitration should decide whether the grievance procedure applied to a particular dispute and argued: "It would be a curious rule which required that intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other." (*Id.,* at p. 557 [11 L.Ed. at p. 909].)

The concern for the use of two different forums has no application here because it appears that both questions, if necessary, would be submitted to an arbitrator. But to the extent that the reasons for Mr. Jacobs' initial withdrawal of his grievance are related to the facts surrounding his suspension, the reasoning in *Wiley & Sons* would seem applicable. In the instant case, however, it is not clear whether or not the procedural question is independent of the circumstances surrounding Mr. Jacobs' suspension. The rescinding of his original grievance and the subsequent refiling of it might be unrelated to the circumstances surrounding his suspension. In that case, two separate arbitration proceedings would not overly complicate the situation, nor would it lead to a duplication of efforts.

We hold that in the circumstances herein, the trial court erred in denying the petition to compel arbitration for the following reasons:

1. Code of Civil Procedure section 1281.2 directs that arbitration shall be ordered where there is a written agreement to arbitrate a controversy and such controversy is alleged to exist with two exceptions neither of which is applicable here. The parties agree that there is a valid written agreement to arbitrate. The parties also agree that there is a controversy under the agreement. Appellant says there is one controversy with two issues, i.e., (1) is the grievance still "alive"? and (2) if it is, the merits of the grievance. Respondent says that (2) is in controversy only if (1) is determined adversely to them.

2. Since both sides agree that there is to be arbitration, i.e., that the viability of the grievance is arbitrable, the arbitrator rather than the court is in the better position to judge how to conduct the arbitration to the end that he can proceed in the most expeditious and rational manner, avoiding duplication of effort and time, to dispose of the issues as they present themselves, including a resolution of the merits of the grievance, if the arbitrator deems it necessary.

The order denying the petition is reversed; the trial court is directed to issue its order granting the petition.

White, P. J., and Halvonik, J., concurred.