**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| NEIL WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2018-0900-KSJM |
| | ) | |
| MT. POSO COGENERATION | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER RESOLVING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

1.      This is a contractual dispute over an agreement containing a binding arbitration provision.  The plaintiff filed this lawsuit to compel arbitration.  After initially fighting the claim, the defendant now concedes that arbitration is required. The parties' sole remaining dispute concerns the appointment of the arbitrator.  This Order finds that this remaining dispute is subject to arbitration and denies the motion for summary judgment.

2.      Defendant Mt. Poso Cogeneration Company, LLC ("Mt. Poso" or "Defendant") and non-party Calash, LLC executed the Ash Management Agreement (the "Agreement") in October 2011, under which Calash would remove ash from

Defendant's power plant and invoice Defendant using a contractually determined formula.[1]  The Agreement is governed by California law.[2]

3.  Section 11.2 of the Agreement states that "[a]ny disputes between the Parties as to the interpretation or enforcement of this Agreement shall be resolved by negotiated agreement; or, failing that, by arbitration as hereinafter set forth."[3]

4.  Section 11.2(a) establishes the process by which an arbitrator is selected:

> Any Party may serve a written notice upon the other Party stating that arbitration shall be conducted pursuant to this Section 11.2.  In such event, unless otherwise expressly provided to the contrary in this Agreement, within thirty (30) days after receipt of any such notice, either (i) the Parties shall nominate and appoint a single arbitrator, or, failing that (ii) each Party shall nominate and appoint one arbitrator, and upon the appointment of the two arbitrators as herein provided, the two arbitrators so appointed shall, within fifteen (15) days after the appointment of the second arbitrator and before exchanging views as to the questions at issue, appoint a third arbitrator and give written notice of such appointment to the Parties.  In the event that a Party fails to appoint an arbitrator within the thirty (30) day period set forth above, the arbitrator appointed by the other Party shall conduct the arbitration. If the two arbitrators selected by the Parties shall fail to appoint or agree upon a third arbitrator within the fifteen

---

[1] *See* C.A. No. 2018-0900-KSJM Docket ("Dkt.") 42, Mt. Poso Cogeneration Company, LLC's Answer to Suppl. Compl. ("Answer") ¶¶ 2–3; Dkts. 47–48, Pro Se Pl. Neil Wallace's Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Opening Br.") Ex. A ("Agreement") Recitals at 1, § 1.1.

[2] Agreement § 11.5.

[3] *Id.* § 11.2.  The Agreement defines "Party" as Mt. Poso or Calash LLC.  *See id.* § 1.1.

(15) day period outlined above, a third arbitrator may be selected by the Parties if they can agree upon such a third arbitrator within the ten (10) days; otherwise, any Party may apply to any federal or state court of jurisdiction for appointment of any arbitrator not appointed or agreed upon within the time periods herein provided. The arbitrators selected pursuant hereto shall be sworn faithfully and fairly to determine expeditiously the question at issue.[4]

5.      Section 11.2(c) further provides that, "[e]xcept as otherwise provided herein, the arbitration shall be conducted in accordance with the Commercial Arbitration Rules of [the American Arbitration Association ("AAA")]."[5]

6.      On June 21, 2018, Plaintiff Neil Wallace purported to enter into an agreement to assign to Plaintiff the rights of Calash, *Inc*.,[6] but the counterparty to the Agreement is Calash LLC and not Calash Inc.

7.      Based on the faulty assignment from the wrong entity, Plaintiff sent Mt. Poso a letter demanding that Mt. Poso pay Plaintiff $1.4 million owed to Calash under the Agreement.[7] The letter demanded arbitration of the dispute in the event

---

[4] *Id.* § 11.2(a).

[5] *Id.* § 11.2(c).

[6] Pl.'s Opening Br. Ex. B at Ex. A.

[7] *See* Pl.'s Opening Br. Ex. D.

Mt. Poso refused payment.[8] Mt. Poso responded on November 13, 2018, disputing Plaintiff's claim and reserving all rights under the Agreement.[9]

8.   Plaintiff and Mt. Poso each sent communications appointing an arbitrator. On November 26, 2018, Plaintiff sent Mt. Poso a letter naming Meghan Adams as his designated arbitrator.[10] Meghan Adams was later appointed as Judge of the Delaware Superior Court, disqualifying her from serving as a private arbitrator. Mt. Poso responded by letter on December 11, 2018, designating James S. Bright as its arbitrator if it is determined that Plaintiff's claim is subject to arbitration.[11]

9.   Plaintiff was not yet an assignee under the Agreement when he designated Adams as an arbitrator. He was also not an assignee when he commenced this litigation on December 12, 2018, as Mt. Poso pointed out in its motion to dismiss.[12] Plaintiff fixed this error on January 12, 2019, executing a document that transferred to himself rights from the proper entity, Calash, LLC.[13] On October 18,

---

[8] *Id.*

[9] Dkt. 53, Mot. of Pro Se Pl. Neil Wallace That This Ct. Has Jurisdiction to Appoint an Arbitrator ("Pl.'s Reply Br.") Ex. B.

[10] Pl.'s Opening Br. Ex. D.

[11] Dkt. 51, Mt. Poso Cogeneration Company, LLC's Br. in Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Answering Br.") Ex. 1.

[12] *See* Dkt. 19, Mt. Poso Cogeneration Company, LLC's Br. in Supp. of Mot. to Dismiss at 8–10.

[13] *See* Pl.'s Opening Br. Ex. B at Ex. AA.

2019, the court granted Plaintiff leave to amend his complaint and determined to resolve the issues remaining in Mt. Poso's motion to dismiss.[14]

10.     The court denied the motion to dismiss on December 30, 2019, holding that it is reasonably conceivable that the anti-assignment provision did not unambiguously prohibit the assignment to Plaintiff and that the arbitration clause was not terminated upon the termination of the Agreement.[15]

11.     Plaintiff then moved for summary judgment seeking to compel arbitration.[16] Given now-Judge Adams' disqualification, he asked the court to name David White as arbitrator.[17] The parties completed briefing on October 1, 2020, and they informed the court of their intent to forgo oral argument on December 3, 2020.[18] This Order resolves Plaintiff's motion for summary judgment.

12.     Court of Chancery Rule 56 provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the

---

[14] Dkt. 41, October 18, 2019, Oral Arg. on Pl.'s Mot. to Serve a Suppl. Pleading and Def.'s Mot. to Dismiss and Rulings of the Ct. on Pl.'s Mot. to Serve a Suppl. Pleading at 48:19–49:11.

[15] Dkt. 40, Order Denying Mot. to Dismiss ¶¶ 8–22.

[16] Dkt. 43, Pro Se Neil Wallace's Mot. for Summ. J. to Compel Arbitration and Name David White, Esq. Arbitrator.

[17] Pl.'s Opening Br. at 3–4.

[18] *See id.*; Def.'s Answering Br.; Pl.'s Reply Br.; Dkt. 54, Letter from the Honorable Kathaleen S.J. McCormick to Counsel Confirming that Pro Se Pl.'s Mot. for Summ. J. Shall Be Treated as Fully Submitted as of Today's Date.

moving party is entitled to a judgment as a matter of law."[19]  Summary judgment is not warranted, however, "if the parties are in disagreement concerning the factual predicate for the legal principles they advance."[20]  In deciding whether to grant summary judgment, the court must view the evidence in the light most favorable to the non-moving party.[21]

13.  Plaintiff's position is that he named Judge Adams as his designated arbitrator on November 26, 2018, and that Mt. Poso did not name its own arbitrator in a timely fashion, which made Judge Adams the default arbitrator.  Thus, according to Plaintiff, when Judge Adams became disqualified, Plaintiff was entitled to unilaterally appoint a replacement and designated David White.

14.  Plaintiff's position fails, in the first instance, because Plaintiff was not an assignee under the Agreement until January 12, 2019—after he purported to provide notice and appoint Adams pursuant to Section 11.2(a).  Plaintiff thus lacked the authority to invoke Section 11.2(a) when he sent the November 26, 2018 notice and cannot rely on that notice to enforce Section 11.2(a).

15.  Moreover, under California law, disputes over "methods for selecting arbitrators" are procedural matters to be resolved through arbitration, not through

---

[19] Ct. Ch. R. 56(c).

[20] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).

[21] *E.g. id.* at 99–100.

judicial proceedings.[22] The Agreement provides that "arbitration shall be conducted in accordance with the Commercial Arbitration Rules of AAA,"[23] and the AAA has rules for this scenario. Under the AAA, the parties will discuss the issue at the first administrative conference. If the AAA agrees with Plaintiff, it will confirm David White as the sole arbitrator. If not, the AAA may order the parties to start the selection process pursuant to Rule R-13(a). Either way, this court will not be involved.[24]

---

[22] *Titan/Value Equities Gp., Inc. v. Superior Ct.*, 29 Cal. App. 4th 482, 488 & n.7 (Cal. Ct. App. 1994); *see* Cal. Civ. Proc. Code § 1281.6 ("If the arbitration agreement provides a method of appointing an arbitrator, that method shall be followed."); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 698 (Cal. 2000) (holding that a valid arbitration agreement shall govern the methods for selecting arbitrators unless "the arbitration agreement does not provide a method for appointing an arbitrator"); *see also Off. & Pro. Empls. Union v. Sea-Land Serv., Inc.*, 90 Cal. App. 3d 844, 850 (Cal. Ct. App. 1979) ("Since both sides agree that there is to be arbitration, i.e., that the viability of the grievance is arbitrable, the arbitrator rather than the court is in the better position to judge how to conduct the arbitration . . . ."); *Atlas Plastering, Inc. v. Superior Ct.*, 72 Cal. App. 3d 63, 71 (Cal. Ct. App. 1977) ("The case law does not support the proposition that a court has inherent power to ignore arbitration agreements which clearly call for different panels and fashion their own method.").

[23] Agreement § 11.2(c).

[24] Although under the Agreement, "any Party may apply to any federal or state court of jurisdiction for appointment of any arbitrator not appointed or agreed upon within the time periods herein provided," that right is limited. *Id.* § 11.2(a). As the immediately preceding clause reflects, that right only applies "[i]f the two arbitrators selected by the Parties shall fail to appoint or agree upon a third arbitrator within the fifteen (15) day period outlined above" and "a third arbitrator [is not] selected by the Parties . . . [and] agree[d] upon . . . within the [sic] ten (10) days." *See id.* § 11.2(a). Because Plaintiff never properly invoked Section 11.2(a) and the parties never reached the step of appointing two arbitrators, this limited exception does not apply.

16. In the reply brief, Plaintiff requested that the court consider sanctions under Court of Chancery Rule 11 based on Mt. Poso's failure to cite to a case, but that conduct does not rise to the level of bad faith warranting sanctions under Rule 11. Plaintiff further argues that sanctions are warranted for Defendant's argument that an arbitrator should be appointed pursuant to the AAA rules rather than by this court, but this Order endorses Defendant's argument. There is no basis for sanctions.

17. Plaintiff's motion for summary judgment is DENIED. Plaintiff's request for sanctions are DENIED. The parties shall confer on a form of order consistent with this Order.

/s/ *Kathaleen St. J. McCormick*
Vice Chancellor Kathaleen St. J. McCormick
March 3, 2021